*NEW-YORK,*
*May, 1834.*

Cogswell
v.
Meech.

Judgment reversed.

---

COGSWELL <i>vs.</i> MEECH.

Where a demand for *damages* sustained by a party in consequence of the non-attendance of a witness at the trial of a cause, and the *penalty* given by statute in such cases, were joined in the same action, and the judge *non-suited* the plaintiff, for the reason that the venue was not laid in the proper county as to the action for the penalty, it being *local* by statute; the court refused to set aside the nonsuit, although the action as to the *damages* was *transitory*, holding that the plaintiff ought to have made his election at the trial, to abandon his count for the penalty.

The non-attendance of a witness duly subpœnaed may be proved by parol; it is not necessary to produce evidence of his non-attendance by production of the records of the court.

THIS action was tried at the Albany circuit, before the Hon. JAMES VANDERPOEL, one of the circuit judges.

In the *first* count of the declaration the plaintiff states that a suit commenced against him in the Monroe common pleas, was noticed for trial at the March term 1831 of that court, and that previous to the term, *Meech*, the defendant was duly subpœnaed to attend as a witness on the part of the plaintiff in this cause. He then avers that Meech did not attend as such witness, in consequence whereof he was obliged to expend fifty dollars in obtaining a postponement of the trial. By means whereof *and by force of the statute*, the defendant became liable to pay the said sum; and

being so liable, promised to pay, &c.   In the *second* count the plaintiff alleges that the defendant is *indebted* to him in the sum of *fifty dollars*, according to the provisions of section 43, article 6, title 3, chap. 7, of the third part of the revised statutes, 2 R. S. 400 ; and being so liable, promised to pay, &c. The defendant pleaded *non-assumpsit.*   At the circuit the plaintiff produced the record of judgment in the suit in the Monroe common pleas, and the subpœna which had been served upon the defendant ; due service of which was admitted ; and also proved that at the March term of the common pleas the defendant was called, and did not appear, and that the trial of the cause was put off on the usual terms of payment of the witnesses' fees.   The defendant moved for a *nonsuit,* on the grounds, 1. That the non-attendance of the defendant as a witness could properly be proved only by the records of the common pleas, or the minutes of the clerk ; and 2. That the venue was local, and no cause of action arising in the county of Albany had been shown.   The judge *nonsuited* the plaintiff, who now moves for a new trial.

*M. T. Reynolds*, for the plaintiff.   The non-attendance of the defendant as a witness was properly proved by parol.   In relation to the cause of action set forth in the first count of the declaration, that is, the claim for *damages*, there can be no pretence that the action was local ; and as to the second count for the penalty, it is submitted whether it is within the statute.   By the statute, every action for a penalty or forfeiture shall be brought in the county *where the act was done*, upon which the penalty or forfeiture attached.   2 R. S. 382, § 8. Here no act was done ; it is for the *omission* of a duty, not the *commission* of an act, that the suit is brought. And if *omissions* are within the statute, then for aught appearing in this case, the penalty was incurred by the omission of the defendant to leave his residence in *Albany*, and proceed to Monroe. The law recognizes a distinction between omissions of duty and act done.   9 Wendell, 464.

*A. Taber*, for the defendant.

By the Court, SAVAGE, Ch. J. Whether the nonsuit was directed upon one or both of the grounds taken by the defendant's counsel, is not stated. It is proper, therefore, to express an opinion upon each. 1. The non-attendance of the witness was properly proved by parol evidence. The existence of the suit was shown by the record ; but the record does not prove any thing as to the attendance of witnesses. It is not the duty of the clerk to enter in his minutes the name of every person called by the crier at the request of a party whose cause is about to be brought on. The attendance of a witness is a fact which may be proved by any person who knows the fact; and so may the non-attendance. There is not necessarily any record or memorandum made by any officer of the court of such non-attendance, and therefore there is no presumption of higher evidence.

2. As to the venue. The section of the statutes on which the second count is founded, states, that for every failure to attend as a witness, after having been served with a subpœna, without reasonable excuse, the person so failing to attend shall be deemed guilty of a contempt of court; shall be responsible to the party aggrieved for all damages, and shall forfeit to such party the sum of fifty dollars, to be recovered in a separate action, or in the same action commenced for the recovery of damages. 2 R. S. 400, § 43. Every action for a penalty or forfeiture must be brought in the county where the act was done, upon which such penalty or forfeiture attached. 2 R. S. 482, § 8. Any pecuniary penalty or forfeiture accruing to the party aggrieved, by any act or omission of another, may be sued for and recovered in an action of debt, or in an action of assumpsit. 2 R. S. 480, § 1. And the defendant may plead the general issue. 2 R. S. 482, § 13. The present action is brought as well for the *damages* of the party aggrieved as for the penalty. An action for damages alone is *transitory*, and an action for the penalty is *local*. The evidence of the plaintiff applied equally to both counts. It was not for the court to instruct the jury to separate the counts and apply the evidence to one only. The plaintiff might have done it, and taken a verdict upon his first count, but he did not think proper to do so. I think, therefore, the judge

*Marginalia:* NEW-YORK, May, 1834. Cogswell v. Meech.

NEW-YORK,
May, 1834.

was right in directing a nonsuit. Had the cause proceeded, and the jury given a general verdict, it would have applied as well to the count which is local as to that which is transitory, and must have been set aside for irregularity.

Motion to set aside nonsuit denied.