WILKIE *vs.* CHADWICK.

A *witness* is entitled to reasonable time for travel, availing himself of the ordinary modes of conveyance ; he cannot limit his travelling to *thirty miles* per day ; nor can he be required to travel on *Sunday.*

In an action against a *witness* for the *penalty* given by statute for non-attendance, the venue is *local*, and must be laid in the county in which the sabpœna is served.

THIS was an action of *assumpsit;* tried at the Onondaga circuit in March, 1832, before the Hon. DANIEL MOSELEY, one of the circuit judges, brought against the defendant for his *non-attendance as a witness*, at a court of common pleas held at *Albion*, in the county of *Orleans*, on the third *Monday* of June, 1831, recording to the acquirement of a *subpœna* served upon him in a cause prosecuted by the plaintiff. The defendant resided, at the time of the service of the subpœna, at Skaneateles, in the county of Onondaga, a distance of 114 miles from the court house in Albion. The service was made about sunset of *Friday* preceding the return day of the writ; the hour mentioned in which was *ten o'clock A. M.;* and witness' fees to the amount of $4,50 were paid to the defendant. In consequence of the non-attendance of the witness; the plaintiff was obliged to postpone the trial until the next term; and to pay costs to the defendant in that suit, to the amount of $5,50. He proved that his own costs for the term were $15,40, and he offered to prove that the defendant had agreed, previous to the service of the subpœna; that he would ask no further notice to attend court; than what would be absolutely necessary to travel the distance. This testimony was refused to be received. The declaration contains three counts : 1. For *damages* sustained by the plaintiff in consequence of the non-attendance of the witness ; 2. For the penalty of $50, given by the statute ; and 3. The common money count. The defendant moved for a nonsuit; on the grounds, 1. that the venue was *local*, and that it should have been laid in *Orleans*, and 2. that the plaintiff had failed

VOL. XIII.                    7

Wilkie
v.
Chadwick.

to show a right of action, inasmuch as it was manifest that the defendant had not sufficient time to arrive at court in due season after service of the subpœna, allowing *thirty miles* for a day's travel, and excluding Sunday. The judge refused to nonsuit the plaintiff, and charged the jury that a witness is not entitled to time to travel to court at the rate of *thirty miles* per day, but that a reasonable time, according to the ordinary modes of travelling, must be allowed to him; and that he cannot be required to travel on Sunday. The jury found for the defendant. The plaintiff moved to set aside the verdict.

*H. R. Selden*, for plaintiff.

*F. G. Jewett*, for defendant.

*By the Court*, SAVAGE, Ch. J. The judge was right in refusing to nonsuit the plaintiff. It has been decided in *Cogswell* v. *Meech*, 12 *Wendell*, 147, that an action of this kind is *local*, in so far as the plaintiff seeks to recover the penalty, but *transitory* if he seeks merely to recover damages. By 2 *R. S.* 482, § 8, every action for a penalty or forfeiture shall be brought in the county where the act was done upon which such penalty or forfeiture attached; and if brought in the supreme court, the venue in such action shall be laid in such county. The service of the subpœna and the default of the defendant were in the county of *Onondaga*, where the venue in this suit was laid.

The judge was right also in saying that the defendant . must have a reasonable time to travel to court according to the usual modes of public conveyance, without being ~ ˙ˑˀ to travel on the Sabbath; but that he was not entitled i̯v ᵤ…ᵢᵤ at the rate of 30 miles per day.

Even if the evidence offered should have been received, it could not have varied the result; for the judge stated to the jury that if there was time for the defendant, by the usual public conveyances, to travel from his residence to the place where the subpœna was returnable on *Monday morning*, without travelling on the Sabbath, the plaintiff should recover. This is all the plaintiff could ask, if he had shown a special

agreement that no longer notice should be given than was absolutely necessary. Under such a stipulation, the court would not hold the defendant should be compelled to travel · on the Sabbath, when the statute says he shall not.