Walworth, Chancellor.
The plaintiffs in error brought an action on the case in the superior court of the city of New-York for an injury to real property, and were nonsuited upon the trial. And two questions are presented for our consideration on this writ of error, viz. 1. Whether such an action can be sustained in the common law courts of this state for an injury to real property in the state of New-Jersey; and 2. Whether the evidence of the plaintiffs upon the trial was sufficient to authorize a recovery for the injury complained of in any court.
The cause of action stated in the declaration is unquestionably local, not only by the provisions of the revised statutes, but also by the settled rule of the common law. The decision in Mostyn v. Fabrigas, (1 Smith’s Lead. Cases, 340,) was in a suit for an injury to the person of the plaintiff in a foreign country, and not for an injury to real estate beyond the jurisdiction of the court. The case was rightly disposed of upon the facts there presented. But Lord Mansfield, in pronouncing his opinion, approved of two nisi prius decisions in which actions were *87 sustained in England for injuries to real property in foreign countries. Those decisions, however, were afterwards overruled by the court of Icing’s bench in Doulson v. Matthews, (4 Durn. & East’s Rep. 503.) And one of the ablest judges that has adorned the bench of this or any other country, after a full and elaborate argument of the question before him, has pronounced the decision in Doulson v. Matthews to be in accordance with the settled principles of the common law. In the case of Livingston v. Jefferson, (1 Brockenb. Rep. 203,) which was trespass quare clausum fregit brought against a former president of the United States for removing the plaintiff from the Batture in New-Orleans, the suit was instituted in the circuit court of the United States for the district of Virginia; and the sole question presented for consideration was, whether such an action could be sustained out of the territory where the alleged injury to the real estate was committed. That too was a case much stronger than the present. For it was evident there that if an action could not be sustained in the state of Virginia, where the venerable ex-president resided, the plaintiff was without a remedy for the alleged injury; as it was wholly improbable that the defendant would ever visit Louisiana, and no court of the territory could send its process into the state of Virginia so as to commence an action against him in any court having jurisdiction of the subject matter of the suit. But Chief Justice Marshall decided that the distinction between transitory and local actions, as long before settled by the courts, was, that actions were to be deemed transitory where the transactions upon which they were founded might have taken place any where; but were local where the cause of action was in its nature necessarily local. And that although the distinction was merely technical, where the action was instituted to recover damages from the person who had done the local injury, and not to recover the property which had a fixed locality, the law was too well settled to allow it to be changed by the courts.
Several cases were referred to from the decisions of the court of chancery in this country and in England, by the counsel for the plaintiffs, upon the argument, to show that bills have been *88 filed to reach property beyond the jurisdiction of the court, where the person of the defendant was within its jurisdiction. Those cases are founded) however, upon the well established principle that the court of chancery has power to give relief wherever there is a clear case of right for which the common law tribunals cannot give an adequate remedy.- And they afford no grounds for the extensión of the jurisdiction of a common law court to a case which is clearly not within its known and established jurisdiction.
Again, it is urged that the objection to the jurisdiction of the superior court was not made in time; and that the defendant could not avail himself of that objection by a motion for a non-suit, when it appeared at the trial that the real estate alleged to have been injured by the wrongful act of the defendant, was not within the jurisdiction of the court. But the case of Warren v. Webb, (1 Taunt. Rep. 380,) shows that when the place is described under a Videlicet, bringing it within the local jurisdiction, a demurrer is not the proper remedy; and that advantage may be taken of the objection at the trial, when the plaintiff fails to show the locus in quo to be within the cotinty stated in the declaration for the purpose of giving apparent jurisdiction. The defendant was also permitted to avail himself of the objection by motion for a nonsuit in Doulson v. Matthews, before referred to. In the case of Livingston v. Jefferson, the injury Avas alleged to have occurred at the city of New-Orleans, in the district of Orleans, to wit, at Richmond, in the county of Henrico, and district of Virginia. And the question was decided upon á special plea, showing that the Batture, as to which the alleged trespass had been committed, ivas not in the district of Virginia. In the present case, I think the question was properly raised itpon a motion for a nonsuit at the trial j and that the decisiori of the superior court was right) upon the ground that the áction-was local in its nature, and could not be sustained in that Court.
Upon the second question also, I concur in opinion, with thé supreme court, as to the tiÓhstrhctioii of the lease; and think that upon that ground the plaintiffs failed to shorv them *89 selves entitled to recover in this action. The proviso appears to have been intended to be co-extensive with the whole grant of water power; and to restrict the use bf the dam to the raising of the water to a particular height. The intention of the parties would probably have been more clearly expressed, if, instead of putting the restriction in the form of a proviso, these words had been used: “ But the water in said dam shall not be raised higher than to flow the water back even with the bottom of the apron of the water-wheel, at the mill next above, as the same now lays,” dec. Upon the construction which has been given to the lease by the supreme court, the defendant’s ditch was rendered necessary by the wrongful act of the adverse party; and if such party wished to use the right of way across the ditch, it was his own business to bridge it properly, and he had no right to call upon the defendant to bridge it for him.
For these reasons, I think the judgment of the supreme court should be affirmed.
Hopkins, Senator.
This was an action on the case brought to recover damages for an injury done to real estate, and by the revised statutes, as well as the common law, it is declared to be local. (2 R. /S'. 409, § 2.) The act establishing the superior court confers upon it the power of trying only such local actions as arise within the city and county of New-York; (3 R. /S'. 261, § 5;) and as the injury complained of here was committed in New-Jersey, that court had no jurisdiction. Whether the supreme court has or has not jurisdiction in cases like the present, it is not now necessary to determine.
I am of opinion that the objection for want of jurisdiction was properly taken at the trial, and that the judgment of the supreme court should be affirmed.
Lott, Senator.
I am of opinion that the nonsuit was properly ordered in this case. The superior court has no power to try local actions arising out of the city and county of NewYork; (Sess. Laws of 1828, p. 141, § 5 ;) and the pre *90 sent action was brought for diverting a water course in the state of New-Jersey. It appears to be well settled that actions of this nature are local, and will not lie elsewhere than in the- place rei sites. (Story’s Conjl. of Laws, 466, § 554; 1 Chitty’s PI. 299, Spr. ed. of 1833.)
The defendant did not, by omitting to demur, waive his right to urge the want of jurisdiction at the trial. I admit that, in cases like the present, if the want of jurisdiction distinctly appears on the face of the declaration, the defendant may demur; but it seems to me he has the right of reserving the objection until the trial, and of availing himself of it by motion for anon-suit. (Gould’s Pl. 234, 236; Cogswell v. Meech, 12 Wend. 147; 1 Chitty’s Pl. 310, Spr. ed. of 1833; 1 Dunl. Pr. 242.) If the rule be otherwise, however, the declaration in this case does not state the place where the injury was committed with sufficient certainty to justify a demurrer.
I am also of the opinion that the construction put by the supreme court upon the proviso in the lease to the plaintiffs’ intestate, was correct. The judgment in this case should be affirmed.
Porter, Senator.
• The plaintiffs claim that the superior court of the city of New-York has jurisdiction of an action for diverting a water-course in the state of New-Jersey, on the ground that the action is in personam, and that they seek for damages only. Is this the common law rule 1 Chitty says, “ When the cause of action could only have arisen in the particular place or county, it is local, and the venue must be laid therein.” (1 Chitty’s PI. 298, Spr. ed. of 1833.) Perhaps it may be said that the learned author uses the term venue here, in reference to different counties within the acknowledged jurisdiction of the court. I apprehend,' however, that he uses it in a much broader sense. If the venue in the present case had been laid in the place where the cause of action arose, it would have, been laid in New-Jersey, and of course out of the jurisdiction of the superior court of the city of New-York. The questions of venue and jurisdiction are therefore identical, so far as the rights of the plaintiffs in er *91 ror are concerned. If the venue was not local at common law, the superior court had jurisdiction; but if it was, then the suit could only have been brought in the state of New-Jersey. Mr. Chitty says, at the page already referred to, that “actions, though merely for damages, occasioned by injuries to real property, are local, as trespass, or case for nuisances, or waste, &c. to houses, lands, water-courses, right of common, ways, or other real property, unless there were some contract between the parties on which to ground the action. And if the land Spc. be out of this kingdom, the plaintiff has no remedy in the English courts', at least, if there be a court of justice in the country in which the land is situate, to which he may resort.” The authorities quoted by the author support the propositions laid down by him, and they are decisive of this question. The case of Doulson v. Matthews, (4 T. R. 503,) is directly in point. The court there recognized no other distinction than that arising between actions local and transitory, and placed their decision upon the ground that, the action being in its nature local, they had not jurisdiction.
But upon the merits, I cannot see how the plaintiffs can sustain their claim to recover. The defendant leased to the intestate a lot, dam and water privilege on a certain brook; and the lease, after describing the premises, contains the following provision—“ together with the use of the dam now across said brook, with the privilege of using the water and water-fall created by the said dam; and with the further privilege of flowing so much of the adjoining marsh as may be necessary, provided the said dam be not raised higher than to flow the water back even with the bottom of the apron of the water-wheel, at the mill next above, as the same now lays.” The plaintiffs claim a right to keep up the water in the pond to the level of the dam mentioned in the lease, for the reason that it conveys the privilege of using the water-fall created by the dam; and if this part of the lease stood alone, it might furnish strong ground for saying that the claim was well founded. But the condition which follows qualifies the clause on which the plaintiffs rely; and whatever may be our conjectures with regard to the probable *92 intention of the parties when they executed the lease, its construction must depend upon the actual provisions and conditions which it contains. And when we find an express provision in it that the lessee shall not, by means of the dam, raise the water higher than the bottom of the apron of the water-wheel at the mill above, how can we say that the lessor has granted a greater privilege 1
It is not disputed that the water is reduced by the act of which the plaintiffs complain, some twelve or fourteen inches below the top of the dam; but the testimony on the part of the defendant shows, and it is uncontradicted, that the water has never been reduced below the bottom of the apron. If so, the defendant has done no more than he had a right to do, but has left the plaintiffs in the possession of all the privileges granted by the lease. This was the view taken at the trial; and as there was no conflict of testimony, the plaintiffs were properly nonsuited.
I am of opinion that the judgment of the supreme court should be affirmed.
Hard, Senator, delivered an opinion in favor of reversing tke judgment of the supreme court.
On the question being put, “ Shall this judgment be reversed ?” all the members of the court present who heard the argument, except Senators Dixon and Hard, voted for affirmance.
Judgment affirmed.