## Case No. 16,762.

### UNITED STATES v. WOOLSEY.

[6 Betts, D. C. MS. 50.]

District Court, S. D. New York. Nov. 19, 1845.

PLEADING IN FEDERAL COURTS — DEMURRER FOR WANT OF JURISDICTION — VIOLATION OF EMBARGO LAWS — LOCUS OF SUIT — RETROSPECTIVE LAWS.

[1. The federal courts being courts of limited jurisdiction, the declaration must aver facts bringing the case within the cognizance of the court sued in; and if, in the case of a local action, such as an action of debt to recover a penalty for a violation of the embargo laws, no venue is laid, or a wrong one is averred, and this appears on the face of the pleading, the defect may be taken advantage of by demurrer.]

[2. Act Feb. 28, 1839 (5 Stat. 321), which provides that all pecuniary penalties and forfeitures accruing under the laws of the United States may be sued for in the district where such penalties or forfeitures have accrued, or in which the offender may be found, repeals by implication the previous laws requiring such suits to be brought only in the district where the penalty accrued. As this act relates only to the remedy, it is retrospective in its operation, and therefore an action of debt to recover a penalty for violation of the embargo laws of 1807–1808 (2 Stat. 473) may now be brought in the district where the offender may be found.]

[3. Where, in order to give jurisdiction, it is necessary that the defendant shall be found within the district, a mere statement in the declaration that the defendant "being in custody, etc.," is insufficient.]

O. Hoffman, for the United States.

G. Brinkerhoff and G. Wood, for defendant.

PER CURIAM (BETTS, District Judge). The declaration is demurred to as insufficient in the particulars that it does not make a case of which the court can take cognizance and that it does not show that any offence was committed by the defendant. The action is in debt to recover a penalty of $320,000 for a violation of the embargo act of December 22, 1807 [2 Stat. 451], and the act supplementary thereto of January 9, 1808 [Id. 453]. The declaration avers that the defendant on the 10th day of January, 1808, at the port of the city of Jersey in the state of New Jersey, to wit, at the city and port of New York, in the Southern district of New York, and within the jurisdiction of this court, was the owner of the ship Ambition, a registered vessel of the United States, not furnished with a clearance to any foreign port or place, nor under the immediate direction of the president of the United States, being laden with a cargo of goods, wares and merchandise of the growth and produce of the United States, and the defendant then and there on the day aforesaid, and at the place aforesaid, knowingly and willingly did suffer and allow the said vessel to proceed from the said port of the city of Jersey in the state of New Jersey aforesaid to a foreign port or place, to wit, to the port of Liverpool in Great Britain. The declaration asserts and negatives other particulars so as to bring the matter charged within the interdiction and penalty of the acts of congress; but all four counts put forth the allegation of which the above is a summary as the foundation of this action.

For the defendant it is contended that the declaration shows upon its face that the offence complained of was committed within the district of New Jersey, and is not, therefore, within the jurisdiction of this court. The plaintiffs insist that the cause being laid under a scilicet renders this distinction as to the place where the offence is thought to have been committed immaterial, and that the defendant cannot take advantage of the misstatement, if any, by demurrer, but must traverse the pleas laid, if the action is local, and the pleas accordingly material.

The 89th section of the act of March 2, 1799, authorizes penalties accruing under any breach of that act to be sued or recovered in any court competent to try the same; and directs the trial of any fact which may be put in issue to be within the judicial district in which the penalty shall have accrued. 3 Bior. & D. Laws, 221 [1 Stat. 695]. The 6th section of Act Jan. 8, 1808, directs that all penalties, &c., incurred by force of that act, shall be sued for, recovered and distributed in the manner provided by the act of March 2, 1799. 4 Bior. & D. Laws, 132 [2 Stat. 454].

Upon the plain language of these statutes there can be no doubt that they require suits like this to be limited to the district in which the penalty has accrued. Barber v. Tilson, 3 Maule & S. 429. If the declaration fails to aver facts giving the particular court cognizance of the case, it would be defective in substance and pronounced bad on general demurrer. The United States courts, being all of limited jurisdiction, the record must always show either that the subject-matter of the action, or the party, is within the jurisdiction of the particular court. [Jackson v. Twentyman] 2 Pet. [27 U. S.] 136; [Gassies v. Ballon] 6 Pet. [31 U. S.] 761; [Breithaupt v. Bank of Georgia] 1 Pet. [26 U. S.] 238; [Sullivan v. Fulton Steamboat Co.] 6 Wheat. [19 U. S.] 450; 1 Mass. 360. If, then, no venue be laid, or a wrong venue in a local action, the defendant may demur or plead in abatement. 6 C. Abr. "Abatement," H, 17; Archb. Civ. Pl. 90; Com. Dig. "Action," N, 10. Whether the jurisdiction is sufficiently stated on the face of the record the defendant is put to his special plea in order to avoid it. [D'Wolf v. Rabaud] 1 Pet. [26 U. S.] 476; [Mollan v. Torrance] 9 Wheat. [22 U. S.] 537. In the case of Livingston v. Jefferson [Case No. 8,411] in the circuit court of Virginia, the action was for trespass on lands in New Orleans, and the declaration in all the counts averred that the trespass was committed at New Orleans, to wit, at Richmond, and in the district of Virginia. The pleadings were complicated, consisting of two general issues and also demurrers and special pleas covering all the eight counts, but the decision rested on a plea to the jurisdiction, averring that the lands on which the trespass was alleged are not situate and within the Virginia district, or within the jurisdiction of the court, but are situated and in New Orleans, &c., and the court held the action local and out of its jurisdiction. [Livingston v. Jefferson, supra.] Chief Justice Marshall clearly considered the declaration sufficient, although the venue was laid by a fiction, unless the fiction was traversed for the purpose of contesting the jurisdiction. Id. The same principle applies to actions local by usage of the courts, as actions for trespass quare clausum fregit, &c., and those made so by positive enactment of law, as actions on penal statutes, &c., usually are in England and in this country (Com. Dig. art. N, 10; 2 Rev. St. p. 482, § 8; 12 Wend. 149), and the action will be defeated upon exceptions that the suit is not prosecuted within the proper territory or because the testimony on trial fails to show the penalty accrued at the place charged in the pleading. But I think the doctrines in respect to the venue or locality of the offence to be set forth in the declaration or information well support the mode of pleading adopted in this case. It is enough if a right venue is given, although it be under a videlicet, and the defendant must avoid the effect of it, either by a traverse of the place laid, or by objecting to evidence proving the offence at a different place as a material variance from the pleadings. U. S. v. Burnham [Case No. 14,690]. Congress by a recent act, has modified in an essential point, the provisions of the 89th section of the act of March 2, 1799.

It is now enacted: That all pecuniary penalties and forfeitures accruing under the laws of the United States may be sued for and recovered in any court of competent jurisdiction in the state or district where such penalties or forfeitures have accrued, or in which the offender or offenders may be found (Act Feb. 28, 1839; 9 Bior. & D. Laws. p. 963, § 3; 5 Stat. 322), thus rendering this class of actions transitory. This meets a mischief indicated by Chief Justice Marshall in Livingston v. Jefferson [Case No. 8,411], that a failure of justice may ensue from the offender taking care never to be found in the district where alone he would be amenable when the remedy is local. The defendant insists that this enactment must be construed as prescriptive in its object and operation and cannot govern the present suit, because the cause of action accrued long before the passing of the article and the court would give it a retrospective operation to bring the present case within its authority. I think the objection is not maintainable. The statute does not look to the offence itself. It neither declares any constituent or quality of the offence, nor augments in any way the punishment inflicted by antecedent law. It acts solely upon the remedy, and that merely in designating tribunals in which this description of suits may be brought, differing from those which might have taken cognizance of it under the act of 1808. A new arrangement of the functions of the courts or of the location of the courts themselves, changes no vested right of the citizen in his relation to the government either as a suitor in cases of a civil character, or as amenable to its punitive justice. If he forms a contract or is subjected to a public prosecution of a civil or criminal nature he does not thereby bind the government to maintain, for hearing and disposing of the one or the other subject, the same tribunals and the same modes of procedure that were in existence when the contract or the offence came into being. If, when any right or interest accrues, personal or to property, it would fall under the exclusive cognizance of a particular forum (the supreme court or the court of chancery) and it should happen when the party concerned attempts to vindicate the right by action. The legislature has abolished the functions of those courts or has transferred them to different judicatories. This change of courts or practice could not be regarded retrospective in its character. Raising the jurisdiction of inferior tribunals imparts to them cognizance of rights of action pre-existing equally with those subsequently arising. Suitors being always com-

pelled to take their remedies in the tribunals as they exist when the action is instituted and are not entitled to reclaim the re-establishment and use of those which would have been appropriated when the cause of action or the right itself accrued. This is not only most manifestly so with respect to the court, which shall adjudicate upon the subject, but it is furthermore always held that the legislature may regulate ad libitum the whole subject of remedies.

Limitation laws passed after contracts are executed will govern the remedy upon such contracts. Sturges v. Crowninshield, 4 Wheat. [17 U. S.] 122. The power of the legislature to modify or control the remedy in respect to existing rights, not being one which touches the validity of the right itself cannot be questioned by the courts. 4 Wend. 206, 210, 211; 2 Paige, 284; Parsons v. Bowne, 7 Paige, 354; 6 Wend. 531; [McClurg v. Kingsland] 1 How. [42 U. S.] 202. This point was in effect determined in the circuit court of this circuit in 1841, it being decided that the first section of the act of February 28, 1839, went into immediate operation in fixing this mode of practice and furnished the rule to be applied whenever the case arose therein indicated. [McClurg v. Kingsland] 1 How. [42 U. S.] 202. The method of prosecution on penal statutes, directed by law, is clearly regarded as only affecting the remedy, and in which the citizen has no vested right. People v. Phelps, 5 Wend. 10. Thus in Rex v. Gaul, in information under a penal statute, exhibited out of the county where the offence was committed, objection was taken, that by St. 21 Jac. I. c. 4, the prosecution must be local. Holt and Hale held that the statute applied to actions of debt and penal statutes as well as informations and on adjourning the points in the case, ten judges held that all informations and popular actions on penal statutes enacted before 21 Jac. I. c. 4, must by form of the latter act be prosecuted in the county where the act was done. 1 Salk. 372; 1 Ld. Raym. 370; 3 Salk. 199. But it was held that the statute was not prospective and did not extend to offences created by subsequent penal statutes. Hicks' Case, 3 Salk. 350, 1 Salk. 373. The question was again agitated in the king's bench, where an action of debt for a penalty, under the act of 52 Geo. III., was brought in London for acts done in Middlesex and Surrey and not in London, and exception was taken at the trial to the proofs because the action was made local by 31 Eliz. c. 5, which forbids "the offence against any penal statute being laid in any other county than where it was committed." It was not questioned by the bar or court, that the act of Elizabeth applied to anterior statutes, and the question debated was whether it also extended to penalties created by subsequent statutes, and Lord Ellenborough, and the whole court held that "the language related to statutes both in time past and in future." Barber v. Tilson, 3 Maule

& S. 429, 436. There was no special force of expression used by the legislature to denote an intention to embrace penal statutes previously enacted; if any distinction can be drawn upon the language, it would rather point to a future than antecedent enactments. But the king's bench accept the language as regulating a prosecution under a penal statute whenever the statute might have been made or the suit brought. So, of the act of congress of 1839, it designates the courts where particular suits may be prosecuted and renders to a certain degree actions before local, transitory, and extends the competency of district courts to entertain this class of actions, without regard to the place of the offence, where the offender is found within their respective districts.

No question, I suppose, can be made of the power of congress to transfer the jurisdiction exercised by district courts in suits in favor of the United States, to the circuit courts, nor that from the day of such transfer the district courts must cease to act in these matters, and the circuit courts could lawfully hear and determine them, whether the cause of action existed then or arose thereafter. Had the act of 1839 instead of the phrase "any court of competent jurisdiction" inserted "any circuit court of the United States," the jurisdiction of the district courts would necessarily cease eo instanti, and I take it to be clear of doubt that actions for penalty for past and future offences must then have been prosecuted in this circuit court; and if this same act or any other had reorganized the circuit court so that no one sat within the state of New Jersey that such new allotment of the location of courts would necessarily repeal the provisions of the 89th section of the act of 1799, limiting the trial of facts in issue to the judicial district of New Jersey as then established. What shall be the distribution of powers to the courts of the United States, and how those powers shall be exercised is a matter under the discretion of congress except as directed by the constitution, and when the court is designated and its jurisdiction defined, and its mode of procedure established by congress, it must perform its functions under such new law in regard to all matters triable before it, irrespective of the laws before governing the like proceedings.

It is furthermore contended for the defendant that the court cannot take jurisdiction under the act of 1839 without it is advised in the record that the defendant was found within this district, the penalty having accrued in a different district. The 3d section of the act of 1839, having re-enacted the 89th section of the act of 1799 in relation to this class of prosecutions, with an important addition and modification, must be regarded as a repeal by implication of those provisions in the antecedent act. U. S. v. One Case of Hair Pencils [Case No. 15,924]. The power of the court is accordingly contained in the act of 1839, and one of the particulars there indicated must

exist in order to found its jurisdiction over penalties or forfeitures; the penalty must have accrued within the particular district, or the offender must be found within it. In respect to the courts of the United States all having a limited jurisdiction, I take the proposition to be undeniable that the record must set forth facts showing the subject matter to be within the jurisdiction of the court, taking cognizance of it. Conk. Prac. 221.

If the jurisdiction in this case rests solely upon the ground of finding the defendant within the district, the declaration should show that fact. for the same reason, that it must in the circuit court, aver that one of the parties is a citizen of the state where the suit is brought. A formal averment is not always necessary, but a statement which may afford opportunity to the defendant to plead in denial must be made. The precision and directness of averments with respect to the residence of a party, which was exacted in some of the cases ([Abercrombie v. Dupuis] 1 Cranch [5 U. S.] 343; [Wood v. Wagnon] 2 Cranch [6 U. S.] 9), is modified by later decisions and a description or rehearsal equivalent to an averment is received as sufficient (Gassies v. Ballon, 6 Pet. [31 U. S.] 761); nor is a positive averment necessary, when this jurisdiction is necessarily implied from the nature of the case or suit by the United States on contracts, &c., or by private parties under the patent act, &c. In this case, the only statement in the record to this point is that the United States by their attorney bring into court their bill against the defendant being in custody, &c. This form of allegation does not necessarily import that the defendant was found and arrested in the district. It is a formula which could be equally used if he had entered his appearance to the writ, without having been ever personally within the district; and the court cannot upon a suggestion of that character. assume a personal arrest, and the fact that the defendant was in the district when the suit was instituted. There is then, nothing alleged here which the defendant is bound to traverse, and he has a right to put himself upon the insufficiency of the arrest to give the court jurisdiction. In so far as this particular in the declaration is concerned, I think accordingly, that the demurrer is well taken. although the jurisdiction of the court is otherwise technically supported by the allegation that the offence was committed within this district.

I have noticed these various particulars with more fullness as both parties will unquestionably seek to vary their pleadings, and that, if the cause is continued in this court, they may be put in possession of the views of the court as a guide to amendments that may be offered. I hold, then, that the plaintiffs have sufficiently charged the offence to have been committed within this district, to authorize them to prove that fact on trial; that the court has jurisdiction of the subject matter, if the defendant be found and arrested within the district, although the offence was committed out of it; and that it is not sufficiently stated on the record to give the court jurisdiction of the cause, that the defendant was found within the district.

The remaining question is whether the declaration charges the commission of the offence interdicted by the embargo act. The declaration charges that the said vessel "proceeded" and was allowed by the defendant to proceed from the port of the city of Jersey to a foreign port or place, to wit, to the port of Liverpool. &c. The 3d section of the act of January 9, 1808, enacts: "That if any vessel shall, contrary to the provisions, &c. proceed to a foreign port or place," the owner shall forfeit and pay, &c. No exception is taken to the sufficiency of the allegations in all other respects, to bring the case within the statute, and the point here raised is that the offence was not complete until the arrival of the vessel in a foreign port, and that the declaration accordingly should have charged such arrival. In U. S. v. The Etruscan, 7 Cranch [11 U. S.] 113, 115, the supreme court find the interpretation upon the act claimed by the defendant. but there it was a question of the sufficiency of the proof and not one arising upon the pleadings. The term "proceed to a foreign port," as used in the statute, imports the performance of the voyage charged and the judgment of the supreme court establishes the rule, that no proof short of that will subject a party to the penalty or forfeiture. But in pleading it is not necessary to set forth the construction of the statute. In this case the plaintiffs assert that the vessel was laden and dispatched in violation of the embargo law, and proceeded to Liverpool employing the language of the act itself in describing the offence. The same form of pleading was adopted in the First circuit upon this section, without exception, although the form of the declaration was critically scanned in that case. Smith v. U. S. [Case No. 13,122]. In that case the court assert the rule, that in general it is sufficient to maintain a suit upon a statute that the case is brought within the terms of it. Smith v. U. S. [supra]; U. S. v. Elliot [Case No. 15,044]. I hold the declaration sufficient in this particular.

My decision accordingly is against the demurrer upon all the points, except the sufficiency of the averment that the defendant was found within this district. The plaintiff may have leave to amend the declaration by introducing an averment to that effect, and the defendant has leave to plead to the declaration within 20 days after the amendment, if made, or if not, within 30 days from the day of this decision.