## HURD *vs.* SWAN.

An action may be maintained against a defaulting witness for the penalty and the damages sustained by the plaintiff, though a jury was not sworn in the cause in which the witness was subpœnaed.

But to enable the plaintiff to recover the costs of the circuit, it must appear that the failure to try the cause was on account of the absence of the witness.

The action will not lie unless the witness has been paid his fees for travel and one day's attendance ·

Nor though the *proper* amount was paid in the first instance, if the witness left court after a default in payment for further attendance, although he had not applied to the party for such payment.

And where less than the legal amount was paid when he was subpœnaed, and it did not appear that he objected to the amount, and he actually attended pursuant to the subpœna, but left court before the cause was tried; *held*, notwithstanding, that the non-payment of the full amount was a fatal objection to a recovery.

A witness attending court is not obliged to be sworn until his fees as such witness have been paid. *Per* BRONSON, C. J.

If the witness had expressly waived the payment of fees, it seems that the action might have been maintained. *Per* BRONSON, C. J.

So if he had agreed to attend on being paid his board and travelling expenses. *Per* BRONSON, C. J.

ERROR to the Oneida common pleas. Swan sued Hurd before a justice, and having recovered, the cause went to the common pleas by appeal. A suit had been pending in this court in favor of the plaintiff against Delos Brett and others, which was noticed for trial at the Oneida circuit, held in Utica, on the fourth Monday of September, 1844. The plaintiff in the present suit sought to recover a penalty of $50, and also his damages sustained in consequence of the non-attendance of the defendant as a witness in the suit against Brett and others, pursuant to a subpœna. The defendant lived at Montezuma, in the county of Cayuga, 88 miles from the place of trial. The plaintiff served the defendant with a subpœna at Montezuma, and paid him $6,50. The defendant went to Utica, where he arrived on Monday evening, the first day of the circuit; he went into court that evening, and there saw the plaintiff. The defendant also attended court on Tuesday, and was in court

on Tuesday evening. On Tuesday the cause was called on the calendar, and reserved by the circuit judge; and the plaintiff obtained attachments against two absent witnesses, who lived at such a distance as to render a delay of several days necessary before the witnesses could be brought in on the attachments. On Tuesday evening about 8 o'clock the plaintiff looked for the defendant, intending to pay him more fees, but did not find him. On Wednesday morning early, the defendant went home. He had not previously asked the plaintiff for any more fees, nor told him that he intended to go away. He intended to get away without the plaintiff's knowing it; and did so. The plaintiff had previously invited the defendant and another witness to go and board at the house where the plaintiff stayed, and said he would pay their board; that he would as soon pay their fees in money, as to board them. The defendant did not accept the invitation. The two witnesses went home together. They first spoke of doing so about 9 o'clock in the evening of Tuesday; and left early the next morning. They talked with the defendants in the suit about going home, because they had not been paid more fees; but said nothing of that to the plaintiff. The cause was not tried; and the plaintiff had to pay costs to prevent a judgment as in case of nonsuit. Those costs, and his own expenses of the circuit, together with the penalty of $50, he claimed to recover in this action.

The defendant moved for a nonsuit, on several grounds, and also requested the court to charge the jury, on several points; and among others, that he was not obliged to attend, because he had only been paid $6,50, when his fees for going and returning, 88 miles each way, and for one day's attendance, would be $7,54. 2. Although he went to Utica, he was not obliged to attend court; and could not have been compelled to swear until his fees were paid. 3. The plaintiff had not paid him his *per diem* allowance, or his fees for attending on Tuesday; and he did not leave until Wednesday. 4. It did not appear that the cause could have been tried if the defendant had been there; or that a jury was called and sworn.

5. This is a local action so far as relates to the penalty; and the cause could only be tried in the county of Cayuga. The court overruled the defendant on all these points; and he ex cepted. Verdict for the plaintiff $157,50; on which judgment was rendered. The defendant brings error on a bill of exceptions.

*Wm. M. Tallman,* for plaintiff in error.

*Alexander Coburn,* for defendant in error.

*By the Court,* BRONSON, Ch. J. There is a *nisi prius* decision of Lord Kenyon, that the plaintiff in an action cannot maintain a suit against a witness for non-attendance in pursuance of a subpœna, unless the cause was called on, and the jury sworn : that it is not enough that the plaintiff was obliged to withdraw his record in consequence of the default of the witness. (*Bland* v. *Swafford, Peake's Cas.* 60.) But that case was first doubted, (*Barrow* v. *Humphreys,* 3 *B. & Ald.* 598,) and then overruled. (*Mullett* v. *Hunt,* 1 *C. & M.* 752; 3 *Tyr.* 875, *S. C.*) It is enough that the witness failed to attend, without any reasonable excuse; and that the plaintiff suffered damage in consequence of his absence. There is nothing in the statute which makes it necessary that a jury should be called before the plaintiff can have a remedy against the witness. (2 *R. S.* 400, § 43.) And such a rule might prove highly injurious both to the party and the witness. After a jury has been sworn, the plaintiff must either go on, and take the peril of a verdict against himself, forever barring the claim ; or else submit to a nonsuit, which, from the running of the statute of limitations, or some other cause, may be nearly as fatal as a verdict against him on the merits. It cannot be right to compel the plaintiff to exchange his demand against the defendant for a remedy against the defaulting witness, who may be unable to pay. And where the demand is a large one, it would be a heavy penalty upon the witness to compel him to pay the whole debt. I very much doubt whether upon the

first default of a witness, the plaintiff would be justified in going on with the trial, and putting every thing at hazard, with the intent of charging the consequences upon the witness. But however that may be, when the plaintiff pursues the more reasonable course of omitting to try the cause, we entertain no doubt that he may have an action against the defaulting witness. It must of course be understood, that the absence of the witness was the true reason why the cause was not tried, before he can be charged with the costs of the circuit.

The witness is only liable to an action when he has been duly served with a subpœna, and his fees have been paid. The fees to be paid on serving the subpœna are four cents per mile for travelling to, and returning from the place where he is required to attend; and fifty cents for the fees of one day's attendance. (2 *R. S.* 400, §§ 42, 43; *Stat. of* 1840, *p.* 331, § 8.) As the witness in this case resided 88 miles from the place of trial, the sum which should have been paid on serving the subpœna is $7,54; and only $6,50 was in fact paid. I do not see, therefore, how it is possible to maintain this action. The witness was under no legal obligation to attend the court; and might have remained at home with impunity. And although he went to Utica, and was in court on the two first days, I do not see how that can alter the case. As there was no legal obligation to go, there could be none to remain; and his departure could neither subject him to an action, nor render him liable to be proceeded against as for a contempt of court. If he had wholly disregarded the subpœna by remaining at home, it is not pretended that he would have been answerable. The partial, though uncompleted obedience, cannot alter the case. When he made up his mind not to obey the summons and went home, it was the same thing, in legal effect, as though he had never been in the court house. The plaintiff, in declaring, might have alleged in general terms, that the witness did not attend. The truth probably is, that the defendant did not know, when the subpœna was served, that he was not obliged to attend; and when he got to Utica and found that he had not been paid enough, he resolved to disregard the subpœna; and did so

Hurd *v.* Swan.

The purpose which he had in mind while going to Utica, could create no legal liability to remain there.

It is fully settled that a witness is not obliged to attend ; nor, if in attendance, is he obliged to be sworn, before his fees have been paid. (*Bowles* v. *Johnson,* 1 *W. Black.* 36 ; *Fuller* v. *Prentice,* 1 *H. Black.* 49 ; *Hallet* v. *Mears,* 13 *East,* 15 ; *Ashton* v. *Haigh,* 2 *Chit. R.* 201.) These cases arose on motions for attachments. But our statute has put the contempt and an action for the penalty on the same ground. (*a*)

The defendant received the sum which the plaintiff chose to pay ; and whether he objected at the time that the amount was insufficient does not appear. But if he made no objection, I do not find that that has ever been held a good substitute for the payment of the legal fees ; nor do I see why, in point of principle, it should be so. It is a common case that the witness does not know, when the subpœna is served, how much he is entitled to receive. In this very case, the witness seems to have learned that enough had not been paid after he got to Utica. But aside from that consideration, this is a penal action, and the plaintiff must bring his case within the statute. And it is moreover expedient that the rule should be uniform ; and that parties should understand that they must pay the witness enough at their peril.

If the witness had expressly waived the payment of a part, or even the whole of the fees, it would have made a different question. (*Goodwin* v. *West, Cro. Car.* 522, 540.) It often happens, that the witness agrees that his expenses in travelling and while attending court shall be paid by the party instead of the statute fees ; and in such a case an action for the penalty may, perhaps, be maintained, although nothing, or only a part of the legal fees was paid. But there was no such agreement, nor any other agreement, in this case. The plaintiff is compelled to rest upon the ground, without any other aid, that the sum of $6,50 was paid and received ; and that is not enough.

If the plaintiff had paid the full amount of fees for travel and

(*a*) See *Courtney* v. *Baker,* (3 *Denio,* 27.)

one day's attendance, he could not make out that the witness was in default. The defendant attended, and was in court on Monday evening, and all day on Tuesday. Without fees for further attendance, the defendant had a right to depart.

I feel some regret in coming to the conclusion that the action cannot be sustained; for the defendant did not deal ingenuously with the plaintiff. When he found out that enough had not been paid, he said nothing to the plaintiff on the subject, and conferred with the other party. But that can give the plaintiff no right to maintain this action; nor will the intention which he had on Tuesday evening to pay more fees, help the case. The witness is under no legal obligation to ask for fees; the party must pay them at the peril of losing the witness.

The question whether the action was tried in the proper county, (13 *Wend.* 49,) need not be considered.

. Judgment reversed.