## Case No. 15,010.

### UNITED STATES v. DURLING.

[4 Biss. 509.] 1

District Court, N. D. Illinois. Jan., 1869.

WITNESS—RECOGNIZANCE FOR APPEARANCE—
TRAVELING EXPENSES.

1. It is the duty of the district attorney, in criminal prosecutions by the government, where he has any doubt whether witnesses will attend, to have them properly recognized.

2. If a witness subpœnaed by the government, has means to travel, it is not necessary for the officer to tender his traveling expenses; and the court will attach a witness who, on that ground, neglects to attend.

[Cited in Norris v. Hassler, 23 Fed. 582.]

3. The officer summoning witnesses should see that those who have no means to travel, are provided with necessary funds.

DRUMMOND, District Judge. I wish to lay down a few rules upon this subject as a guide to the district attorney, upon which I will insist hereafter when this question comes up again. It is always within his power, under the law, where a person is within the jurisdiction of the court, and he doubts whether he will be present on the trial of the cause, to compel him to give security that he will be present at the trial; so that it was competent for the district attorney, when these parties were here and he doubted whether they would be present when the case was called for trial, to have them brought before a competent officer and recognized, and give security that they would be present. The law goes so far even as to declare that, in a criminal case, if they cannot give security they may be imprisoned until the trial, in order that their testimony may be given.

Again, where there is a witness residing in another district, the process of this court goes to that district. It is issued to the marshal of that district, and it is the duty of the person to whom it is addressed, if he has the means, to travel here to give his testimony. If he has not, the proper officer of the government will furnish him with means. It is not necessary, if he has the means, that the fees should be tendered to him before he is required to obey the process. An attachment would issue and the court would punish a man who could pay his expenses and would not come because the money was not tendered. It is only where a man has not the means of paying his expenses, that it is necessary for the money to be tendered to the witness in order to make it incumbent on him to obey the process of the court.

Hereafter, I wish it understood that those witnesses who have not the means of attending court must be furnished with the means when the subpœna is served, and if there is doubt entertained of their being present at the trial they must be compelled to give security; if they fail to do so, they must be held in custody until the trial.