## Case No. 13,889.

### In re THOMAS.

[1 Dill. 420.] [1]

Circuit Court, D. Kansas. 1871.

WITNESS FEES—ATTACHMENT—MILEAGE.

1. A witness in a civil cause in the United States courts, who, at the time of the service of the subpœna, demands his traveling fees and his fee for one day's attendance, cannot be attached for contempt, if he fails to obey the writ.

2. Mileage of witness. See note, infra.

Mr. Fenlon, for the witness.
Mr. Lecomte, contra.

DILLON, Circuit Judge. Thomas was subpœnaed as a witness in a civil cause pending in this court, and demanded of the marshal at the time of the service of the writ upon him, his traveling fee and his fee for one day's attendance as a witness, which the marshal did not pay. A motion is made to attach the witness. By the statute of the state, a witness who makes such a demand, is not obliged, if his fees are not paid, to obey the subpœna Gen. St. 1868, p. 693. So far as applicable, and when not inconsistent with the constitution and laws of the United States, these statutes have been adopted to regulate the practice in this court.

Under these circumstances, as well as upon general principles, the attachment must be refused. Attachment refused.

NOTE. In Holmes v. Sheridan [Case No. 6,644], at the same term, the court ruled that witnesses living within the district, but more than one hundred miles from the place of trial, who attended in obedience to a subpœna, and gave testimony, were entitled to mileage for the whole distance actually traveled. See Prouty v. Draper [Id. 11,447]; Anderson v. Moe [Id. 359]; Greenl. Ev. 309, 310, note; Dreskill v. Parish [Case No. 4,076]; Whipple v. Cumberland Cotton Co. [Id. 17,515]; Hathaway v. Roach [Id. 6,213]; Conk. Prac. 404, 406.

---

[1] [Reported by Hon. John F. Dillon, Circuit Judge, and here reprinted by permission.]

---

## Case No. 13,890.

### In re THOMAS.

[3 N. B. R. 38 (Quarto, 7).] [1]

District Court, D. New Jersey. June 22, 1869.

BANKRUPTCY—PROCEEDINGS IN STATE COURT—INJUNCTION—MOTION TO DISSOLVE.

Where an injunction had been issued under the act of the district court, staying proceedings against bankrupt in the state courts until the question of final discharge should be determined, and final discharge was granted and motion made to dissolve said injunction, held, that the motion was unnecessary, as the order for the final discharge terminated the injunction.

[In the matter of Veeder G. Thomas, a bankrupt.] Motion by creditor to dissolve an injunction after final discharge. On the 25th day of March, A. D. 1869, an injunction was granted by FIELD, District Judge, upon the petition of said bankrupt, restraining a creditor from prosecuting his suit against said Thomas in the state court of New York, until the question of the debtor's discharge should have been determined. On the 25th day of May, 1869, the said bankrupt received his final discharge in bankruptcy. Upon motion, this day made, to have the said injunction dissolved, it was held that the effect of the final discharge was to terminate the injunction; that no order to show this termination would be necessary. The language of the injunction was in accordance with the statute, and continued in force only until the question of the final discharge could be determined. The bankrupt must hereafter use his discharge as his protection, in cases thereby affected.

William L. Dayton, attorney for creditor.

Before FIELD, District Judge.

---

## Case No. 13,891.

### In re THOMAS.

[11 N. B. R. 330; [2] 7 Chi. Leg. News, 187.]

District Court, E. D. Missouri. Feb. 18, 1875.

---

[1] [Reprinted by permission.]
[2] [Reprinted from 11 N. B. R. 330, by permission.]