## In re BOESHORE.

(Circuit Court, E. D. Pennsylvania. October 30, 1903.)

### No. 14.

1. WITNESSES—FAILURE TO OBEY SUBPŒNA—NECESSITY OF TENDERING FEE.

A witness is not subject to attachment for contempt for failure to appear and give testimony in a contested case pending in the Patent Office in obedience to a subpœna served on him as provided by Rev. St. § 4906 [U. S. Comp. St. 1901, p. 3390], unless his traveling expenses and witness fee for one day were tendered him at the time of the service of the subpœna, as required by section 4908, or such tender or payment was expressly or impliedly waived by him; and his failure to object that no tender was made is not such an implied waiver.

On Rule for Attachment of Witness.

Paul V. Connolly, for petitioner.
C. F. Eggleston, for respondent.

J. B. McPHERSON, District Judge. Under section 4906 of the Revised Statutes [U. S. Comp. St. 1901, p. 3390] the respondent was duly subpœnaed to appear as a witness before a notary public in the city of Philadelphia to testify in a contested interference proceeding pending before the Patent Office. He failed to appear, and a rule to show cause why an attachment should not issue was thereupon granted. The respondent's answer sets up, among other excuses, that the process served "did not at said time pay or offer to pay to deponent his car fare or expenses to the hearing referred to, nor did he pay or tender to deponent a witness fee for so attending, in accordance with section 4908 of the Revised Statutes of the United States." By this section it is provided that a witness who does not appear after being served with a subpœna may be punished as in other like cases, but with the express direction that "no witness shall be deemed guilty of contempt for disobeying such subpœna, unless his fees and traveling expenses in going to and returning from, and one day's attendance at, the place of examination are paid or tendered him at the time of the service of the subpœna."

It is possible to interpret this section as merely giving the witness a personal privilege, which he may waive if he chooses so to do, and to hold that, if he fails to demand his fees and traveling expenses, he does impliedly waive the protection offered by the statute. Reasons of some weight might be given in support of this view, but I do not feel at liberty to adopt it. Not only are the plain words of the statute

more easily construed to mean that the witness cannot be attached for contempt unless the tender prescribed by the statute has been made, but the weight of authority also is in favor of this position. Many cases are referred to in 22 Enc. of Pleading & Practice, at page 1339, and they bear out the statement in the text that "in civil cases it is requisite, in order to validate the service of a subpœna, to pay or tender in advance, to the person whose attendance is required, his lawful fees and expenses." No doubt the witness may expressly waive payment or tender, or waiver may be implied from his acts, and in either event he is liable to attachment for contempt in case of his failure to attend. But mere failure at the time of service to object that no tender has been made is not sufficient evidence of implied waiver. Hurd v. Swan, 4 Denio, 79. See, also, 24 A. & E. Enc. of Law (1st Ed.) 166, and cases cited in the notes.

In the federal courts the precise question now being considered does not seem to have been decided. In re Thomas, 1 Dill. 420, Fed. Cas. No. 13,889, decided that, where a witness demanded his fees in advance, and was not paid, a state statute which relieved the witness from the obligation to obey the subpœna would be enforced in the Circuit Court, and the witness would not be attached for failing to appear. In United States v. Durling, 4 Biss. 509, Fed. Cas. No. 15,010, Judge Drummond gave the following instructions, among others, to the district attorney, for his guidance in criminal cases:

"Again, where there is a witness residing in another district, the process of this court goes to that district. It is issued to the marshal of that district, and it is the duty of the person to whom it is addressed, if he has the means, to travel here to give his testimony. If he has not, the proper officer of the government will furnish him with means. It is not necessary, if he has the means, that the fees should be tendered to him before he is required to obey the process. An attachment would issue, and the court would punish a man who could pay his expenses and would not come because the money was not tendered. It is only where a man has not the means of paying his expenses that it is necessary for the money to be tendered to the witness in order to make it incumbent on him to obey the process of the court."

In Norris v. Hassler (C. C.) 23 Fed. 581, after the service of a subpœna, which had included a partial tender of expenses, had been sustained on other grounds, the substance of the instruction just quoted was approved by Judge Nixon in a civil case arising in the circuit court, but apparently without adverting to the fact that the rule is different in civil cases, and that Judge Drummond was speaking of criminal cases only. In re Griffen, Fed. Cas. No. 5,810, is more to the point. That case arose under the bankrupt act of 1867. By general order 29 it was provided that "in the case of witnesses their fees shall be tendered or paid at the time of the service of the summons or subpœna, and shall include their traveling expenses to and from the place at which they may be summoned to attend." This was interpreted by Judge Blatchford to mean that the fees so to be tendered at the time of service were the fees for going and returning once, and for one day's attendance; but he ruled distinctly that these fees must be tendered or paid at the time the subpœna was served. It seems to me, therefore, that both by the plain language of section 4908 and by the weight of authority it should be held that a witness summoned to ap-

pear under section 4906 is not subject to attachment for contempt unless his fees and expenses were offered to him at the time of service.

The rule for an attachment is accordingly discharged at the costs of the petitioner.