### In re KERBER.

(District Court, E. D. Pennsylvania. October 31, 1903.)

#### No. 1,689.

**1. BANKRUPTCY—FAILURE OF WITNESS TO OBEY SUBPŒNA—TENDER OF FEE.**

Under Bankr. Act July 1, 1898, c. 541, § 41, 30 Stat. 556 [U. S. Comp. St. 1901, p. 3437], as well as by the general rule in civil cases, a witness is not subject to attachment for failing to appear and testify before a referee in obedience to a subpœna unless his mileage and fee for one day's attendance were paid or tendered to him.

**2. SAME—RULE FOR ATTACHMENT—PROCEDURE.**

Where a witness fails to attend before a referee in obedience to a subpœna, Bankr. Act, § 41, requires the referee to certify the facts to the judge, and an application to the court for an attachment in the first instance, without such certificate, is irregular.

In Bankruptcy. On rule for attachment of witness.

Samuel Englander, for trustee.
Abram Peterzell, for witness.

J. B. McPHERSON, District Judge. This is a proceeding to punish a witness for contempt in not obeying a subpœna to appear before a referee at a meeting held in this city. When service was made upon the witness, who also resides in Philadelphia, there was no payment or tender of expenses and fees, and this is set up as a defense to the pending rule. I think the defense must prevail. Section 41 of Bankr. Act July 1, 1898, c. 541, 30 Stat. 556 [U. S. Comp. St. 1901, p. 3437] provides, inter alia, "that no person shall be required to attend as a witness before a referee at a place outside of the state of his residence, and more than 100 miles from said place of residence, and only in case his lawful mileage and fee for one day's attendance shall be first paid or tendered him." The general rule in civil cases also requires payment or tender of fees and expenses, as I have recently had occasion to decide in an opinion filed in the Circuit Court in Boeshore's Case (Oct. Term, 1903) 125 Fed. 651. Whether, therefore, the present case is governed by section 41 or by the general rule, the result is the same. No tender having been made, no attachment should issue.

I desire to add that the practice pursued in this case was not correct. The application for an attachment was made directly to the court, whereas section 41 provides distinctly that, if any person shall do any of the acts forbidden by the section, the referee shall certify the facts to the judge. It is only after this has been done that "the judge shall thereupon in a summary manner hear the evidence as to the

acts complained of," etc. There is no certificate here by the referee, and the proceeding is therefore irregular.

The rule for an attachment is discharged at the costs of the petitioner.