DOWNEY v. FENN et al.

(Supreme Court, Monroe County, at Chambers.   September 10, 1910.)

1. WITNESSES (§ 12*)—SUBPŒNA—SERVICE—SUFFICIENCY.
   Under Code Civ. Proc. § 7, authorizing subpœnaes requiring attendance of persons found within the state, there was sufficient service of a subpœna where it was served in another county within the state, and the legal per diem and mileage from the place of service to the place of trial was tendered and waived.

   [Ed. Note.—For other cases, see Witnesses, Cent. Dig. § 13;  Dec. Dig. § 12.*]

2. WITNESSES (§ 21*)—ATTACHMENT—AUTHORITY OF SHERIFF.
   A proceeding to attach a witness who was subpœnaed in another county, but failed to appear, being governed by the civil contempt law as found in the judiciary law (Consol. Laws, c. 30), the warrant was properly directed to the sheriff of the county of trial, as authorized by section 757, subd. 2.

   [Ed. Note.—For other cases, see Witnesses, Dec. Dig. § 21.*]

3. WITNESSES (§ 21*)—ATTACHMENT—SERVICE OF AFFIDAVIT—SUFFICIENCY.
   An attachment of a witness who failed to appear on being subpœnaed is not vitiated because the copy of the affidavit served on him did not have attached thereto copies of the subpœna and proof of service thereof, which were attached to the original affidavit on which the warrant of attachment issued, where the affidavit did not in terms make the subpœna and proof of service a part of it, and stated that the subpœna was served as prescribed by law.

   [Ed. Note.—For other cases, see Witnesses, Dec. Dig. § 21.*]

4. WITNESSES (§ 21*)—ATTACHMENT—WHERE RETURNABLE.
   Under Judiciary Law, § 753, prescribing punishment for disobeying a subpœna, and under section 757, subd. 2, providing that, when a contempt is punishable by a court, the warrant must be made returnable at a term of the court at which a contested motion may be heard, an attachment proceeding must be dismissed when made returnable before the justice of the Supreme Court who issued it, instead of a term of court.

   [Ed. Note.—For other cases, see Witnesses, Dec. Dig. § 21.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Action by Frank H. Downey against Albert O. Fenn and others. On attachment proceedings against a witness. Proceeding dismissed, and witness discharged.

Taylor, Hubbell & Kenefick, for attached witness.

James M. E. O'Grady and Elbridge L. Adams, for plaintiff.

BENTON, J. Upon the return of an attachment issued in the above-entitled action, Breckenridge Jones, the witness named herein, appeared in the custody of a deputy sheriff of Monroe county. Messrs. Taylor, Hubbell, and Kenefick appeared as counsel, and Messrs. O'Grady and Adams appeared for plaintiff. The following objections were made in behalf of Jones: First, the service of the subpœna was inadequate; second, the sheriff of Monroe county had no right to serve the attachment; and, third, the affidavit served upon Jones was not a copy of the affidavit from which the attachment issued. The following additional objection was later made, namely: That the attachment itself is defective, in that it is returnable before a judge and not at Special Term.

The subpœna was served in the city of New York and the legal fee of a witness, namely, per diem and mileage, from New York City to Rochester, was tendered, and the fee was waived. The waiver of the fee was in itself a sufficient answer to this objection. Hurd v. Swan, 4 Denio, 75. The fee tendered, however, was sufficient for the subpœna issues "requiring the attendance of a person found in the state of New York." Code, § 7. The witness was found in New York, and it was sufficient to pay him his fee; that being for the purpose of the service of the subpœna his residence. It is hardly possible that, if a person residing in Alaska and found in Rochester and subpœnaed to attend a court here in session, it would be necessary to tender him mileage from Alaska. No privilege of exemption from service is claimed by the witness.

Second. This proceeding must be under the provisions of the civil contempt law as found in the judiciary law. By the terms of that law, the warrant of attachment was a mandate of this court. Judiciary Law, § 762. It was directed as required by section 757, subd. 2, to the sheriff of a particular county, namely, the county of Monroe. For the purpose of this proceeding, the remainder of the direction is of no importance. The sheriff of Monroe county obeyed the mandate and executed it. I hold it was properly executed, and the objection is not available. An attachment may be executed by a sheriff outside his county. Crocker on Sheriffs, §§ 184, 791.

Third. The affidavit served did not have attached thereto the subpœna and proof of service thereof which was attached to the original affidavit upon which the warrant of attachment issued. The affidavit does not in terms make the subpœna and its proof of service a part of it, although it states it to be annexed and marked Schedule A. The affidavit does state that the subpœna was served in the manner prescribed by law. The fact of the service and the circumstances under which it was served were within the personal knowledge of the party served, and the paper served was presumably in his possession. The allegation of the affidavit that the subpœna was served as required by

law was sufficient so far as the witness was concerned. At all events, his rights were not in any way prejudiced by the omission of the subpœna and proof of service being attached. Irregularity or mistake not prejudicial to the rights of the party should be ignored.

Lastly. The attachment itself commands the sheriff to have the body of the witness before the justice of the Supreme Court who issued it. The contempt was in refusing or neglecting to obey the subpœna or to attend as a witness pursuant to its commands. This is made punishable by a court of record (Judiciary Law, § 755), and, "when punishable by a court, the warrant must be made returnable at a term of the court at which a contested motion may be heard" (Judiciary Law, § 757, subd. 2). This practice is an exclusive practice, for it is made applicable by the terms of sections 753 and 757 to every case of contempt punishable civilly by attachment. It must follow, then, that only a court of record can punish for the contempt herein complained of, and the process must be returnable at a term of court at which contested motions may be heard. Obviously, this was not done, and the proceeding must therefore be, and is, dismissed, and the witness discharged from the custody of the sheriff.