## CASSIDY *vs.* CASSIDY and others.

The court of chancery has no jurisdiction, upon petition, to order a portion of a fund in court arising from the sale of real estate in a partition suit, which portion belongs to an adult heir of a deceased party to such suit, to be paid out to the creditors of the decedent.

Heirs, who are liable to creditors of their ancestor in consequence of lands having descended to them, must be sued jointly, for such liability, and not separately.

Where there is a fund in court belonging to infants, the chancellor, as the guardian and protector of their rights, may, in his discretion, upon a summary application, order it to be applied for the payment of any just claim against the infants. Or, if the claim is contested, or is doubtful, he may require the claimant to establish his right by suit against the infants; or upon a reference to a master.

But where an adult heir, whose share of a fund is in court, as well as the infant heirs, is liable to contribute towards the payment of the debts of the ancestor, the creditors should be left to proceed in the usual way, by suit against all of the heirs jointly.

This was an application by creditors of P. Cassidy, who died in 1835, for the payment of their several debts, out of moneys in court; which moneys arose from the sale of real estate in a partition suit, between the heirs of the decedent, in 1839. Four of the adult heirs had received their several shares of the proceeds of the sale. And the moneys still remaining in court belonged to Mary Cassidy, one of the heirs, who had arrived at the age of twenty-one, and to others who were still minors.

*P. Gansevoort*, for the petitioners.

*N. Hill Jr.*, for M. Cassidy and the minor heirs.

The Chancellor. The objection, by Mary Cassidy, that this court has not jurisdiction, upon petition, to order that part of the fund in court which belongs to her, to be paid out to the creditors of the decedent, appears to be well taken. These creditors were not parties to the partition suit, which terminated more than six years prior to the presenting this petition. And she has the right to insist that the portion of the fund in court, which was invested for her use under the decree, belongs to her; and that the creditors, if their claims are not barred by lapse of

time, shall proceed against her by suit; in the same manner as if she had sold her undivided share of the real estate, and had invested the proceeds thereof herself. The article of the revised statutes relative to suits by and against legatees, and against the next of kin, heirs and devisees, (2 *R. S.* 450,) prescribes the course of proceeding to charge the several heirs with their proportions of the debts of the decedent, and states what the creditor must show to entitle him to succeed in his suit against such heirs. And the seventy-third section of the act of May, 1837, requires all the heirs, who are liable to a creditor of the decedent in consequence of lands having descended to them, to be sued in a court of law or of equity, for such liability, jointly and not separately. (*Laws of 1837, p. 537.*)

Where there is a fund in court belonging to infants, the chancellor, as the guardian and protector of their rights, may in his discretion, upon a summary application, order it to be applied for the payment of any just claim against the infants; to save the expense of useless litigation. Or if the claim is contested, or is doubtful, he may require the claimant to establish his right by suit against the infants in the usual way, or upon reference to a master; as may be deemed most beneficial to the interest of the infants, with reference to the probable expense of the litigation or otherwise. In the present case, therefore, if the infants were alone liable for the debts of the petitioner, it might be proper, and would probably save expense, to direct a reference to a master to inquire and report whether they were liable for the claims of the creditors, and how much, if any thing, they were liable to contribute towards the payment of such claims; allowing their guardian ad litem to insist upon the statute of limitations, or any other defence which he might deem advisable to set up, before the master on such reference. But as the adult heir whose fund is in court in this case, as well as the four whose shares of the proceeds of the real estate have already been paid to them, is liable to contribute towards the payment of the claims of the petitioner if any thing is due thereon, the petitioners should be left to proceed in the usual way; by a suit or suits, at law or in equity, against all of the heirs jointly.

The injunction which was erroneously granted upon this petition, must, therefore, be dissolved, and the petition must be dismissed with $8 costs. But it is to be dismissed without prejudice to the rights of any of the petitioners to proceed by suit, in equity or at law as they may be advised; and to apply for an injunction in such suit, if they shall deem themselves entitled to such injunction, against all or any of the defendants therein.