WILLIAM M. FLEISS, INDIVIDUALLY, AND SARAH H. FLEISS AND WILLIAM M. FLEISS, AS EXECUTORS, ETC., OF ROBERT A. FLEISS, DECEASED, APPELLANTS, v. JOHN C. BUCKLEY, AS ADMINISTRATOR, ETC., AND OTHERS, RESPONDENTS.

*Surplus on sale in foreclosure — rights of one holding a judgment against the mortgagor's administrators to a lien upon such surplus.*

A mortgagee who has recovered a deficiency judgment against the administrators of a deceased mortgagor, cannot maintain an action to have his judgment declared a lien upon surplus money arising upon the foreclosure of a mortgage upon other lands given by the deceased mortgagor to another mortgagee.

The only remedy of the holder of the deficiency judgment except as against the personal property in the hands of the administrators is by an action against the mortgagor's heirs or devisees, in which, if such heirs or devisees be insolvent, the court may direct their officer to hold the surplus moneys and apply them in satisfaction of the judgment.

APPEAL from a judgment in favor of the defendants, entered upon an order sustaining a demurrer interposed to the complaint.

*Osborne E. Bright*, for the appellants.

*F. E. Dana*, for the respondents Howard, Fuller and Goldsmidt.

DYKMAN, J.:

John Buckley made several mortgages on lands in Brooklyn. The plaintiff William M. Fleiss foreclosed one and recovered a deficiency judgment against Buckley. Buckley died, and after his death the plaintiffs, the executors of Robert Fleiss, foreclosed another mortgage and recovered a deficiency judgment against Buckley's administrator.

The Brooklyn Savings Bank foreclosed another mortgage, and a surplus resulted. This was in the Kings County Court. The usual proceedings were commenced to distribute this surplus, when this action was commenced, and a preliminary injunction against the further prosecution of the surplus proceedings was had.

The prayer of the complaint as to plaintiff William M. Fleiss is, that his judgment against John Buckley, and also a mortgage second to the bank mortgage foreclosed, be declared liens on the surplus in their proper order of priority.

The executors of Robert Fleiss ask that their judgment against the administrator of John Buckley be declared liens on the interest of Buckley's devisees in this surplus, and that payment to these devisees be restrained until the plaintiffs obtain their share.

Such an extraordinary departure from the established procedure must be urged by a necessity correspondingly great. If by the distribution of the surplus in the County Court, the plaintiffs, can obtain their just dues, and unless every ordinary method of relief must fail in this particular case, we will not oust the County Court of jurisdiction rightly acquired.

The plaintiff William M. Fleiss presents no case for the extraordinary power of this court. His mortgage and judgment are liens on the surplus, of their own strength. He can test the validity of every hostile claim interposed, and his own, if established, will be satisfied in the proceedings instituted in the County Court. We relegate him to that tribunal with perfect safety.

The prayer of the executors of Robert Fleiss needs more extended consideration. Their judgments are not liens on lands, of which the decedents were seized, and this surplus remains land with this and all the characteristics of land. (*Dunning* v. *Ocean Bank*, 61 N. Y., 497.)

These plaintiffs must first resort to the decedent's personal estate. That failing they have their remedy against the heirs and devisees. (2 R. S., 452, §§ 32 to 36.) The right of the executors of Fleiss to have their judgments declared liens on the surplus in the foreclosure and their right to maintain an original bill for this purpose stand on the same base.

If judgments against the decedent's administrator can be charged on a surplus arising from foreclosure of his land by equitable

action, then have the judgment creditors a right to apply to be made parties to the foreclosure and to litigate their rights in the distribution of the surplus and defeat the title of the heirs and devisees. But it is held that the heirs and devisees can be cut off only in the mode appointed by statute. (*Pierce* v. *Alsop*, 3 Barb. Ch. opinion at p. 187 and 195 ; *Cassidy* v. *Cassidy*, 1 Barb. Ch. 467.)

It was decided at Special Term by Judge LEARNED in *Loucks* v. *Van Allen* (11 Abb. Pr. [N. S.], 427), that the act of 1867, directing payment of any surplus to the surrogate, has application only to foreclosure by advertisement. We assent to this proposition and to the reasons advanced in its support.

If the executors of Fleiss sue Buckley's heirs and devisees their remedy is perfect unless these latter be insolvent. If so this court can direct their officer to hold this surplus and apply it to the satisfaction of the judgment obtained.

The judgment must be affirmed, with costs.

BARNARD, P. J., concurred ; GILBERT, J., not sitting.

Judgment must be affirmed, with costs.