1838.

Parsons
v.
Bowne.

---

## PARSONS *vs.* BOWNE and others.

Rights of parties which had become vested previous to the revised statutes could not be divested by a change of the law in such statutes; but the remedy of such parties must be pursued according to the law applicable to the case as it exists at the time such remedy is sought to be enforced.

After the revised statutes went into operation, and before the first of July, 1837, the only remedy of a creditor at large, against the real estate of a deceased person in the hands of his heirs or devisees, by suit, was by filing a bill in chancery under the provisions of the revised statutes. In such a suit the revised statutes appear to contemplate that each creditor shall bring a separate suit, for the recovery of his own debt only, against all the heirs or devisees jointly. It is not necessary therefore for the complainant, who files a bill under the revised statutes, to make any other creditors parties.

In a bill filed by a creditor of the decedent, against heirs or devisees, to obtain satisfaction of his debt out of the lands descended or devised, if the complainant is unable to ascertain and specify the lands which have come to the defendants from the deceased, he may state that fact in his bill and call upon the heirs and devisees to discover the lands devised or descended to them respectively, and the incumbrances thereon, to enable him to reach such lands.

Where a judgment or other incumbrance upon the property of a deceased person has been actually paid, but is fraudulently kept on foot by a third person, for the purpose of depriving a creditor of the decedent of his remedy against the estate in the hands of his heirs or devisees and to prevent its being sold for its full value on execution against them, it seems such third person is a proper party, though not a necessary party, to a bill filed by the creditor to obtain satisfaction of his debt out of the land in the hands of such heirs or devisees.

THIS case came before the chancellor upon demurrer to December 18. the complainant's bill. The complainant was a specialty creditor of Robert L. Bowne deceased, for the balance due upon a bond and mortgage executed by the latter, to the amount of about $19,000, and for interest thereon from October, 1827, when the mortgaged premises were sold under a decree of foreclosure against the heirs at law and judgment creditors of the decedent. The bill in this cause was filed previous to May, 1837, against the surviving children and heirs of the decedent and the children and heirs of one of his sons who died subsequent to the death of his father, to obtain satisfaction of the complainant's debt out of the real estate which came to the hands of such heirs, according to the provisions of the revised statutes. The bill charged, among other things, that Robert L. Bowne died intestate, in June, 1821, and that letters of administration on his estate were granted to his son George, one of the defendants; that the decedent died greatly embarrassed in his affairs, without leaving personal estate sufficient to pay his debts, and none whatever as the complainant was informed and believed; and that at the time of the commencement of this suit there was no personal estate of the decedent remaining which could be subjected to the payment of his debts. The bill further charged that Robert L. Bowne at the time of his death was seized of, or entitled to, a very considerable real estate, subject to the lien of sundry judgments against him, and to mortgages and other incumbrances thereon; that the complainant was not able to specify the real estate of which the decedent was seized at his death, nor all the incumbrances thereon, but was informed and believed that, in addition to the land mortgaged to the complainant, the decedent was seized of the equity of

redemption in 45 acres of land in the city of New-York, particularly described in the bill, subject to a mortgage thereon given by him and his wife to W. Edgar; which mortgage had never been foreclosed, nor had the equity of redemption of the decedent's heirs therein been extinguished. Various other particulars were stated in relation to the situation of the land in the city of New-York; among others, that the mortgagee entered into possession thereof under his mortgage, in 1818; that he and his personal representatives had been in possession ever since; and that the interest had been kept down by the receipt of the rents and profits. The complainant also stated that by the records of the supreme court it appeared that various judgments remained unsatisfied on record against the decedent at the time of his death; most of which he averred had been paid and satisfied; and that many of them had been kept on foot by the defendants and their friends for the purpose of covering the real estate descended to them as heirs. He also set out the recovery of a judgment in the supreme court, in January, 1836, in favor of George Bowne, son of the decedent, as executor of his grandfather George Bowne deceased, against himself and the other defendants in this suit, as the heirs of Robert L. Bowne, for $65,403 12 debt and $77,35 damages and costs; which judgment he averred was without consideration and collusive. The complainant also alleged in his bill that Jones and White claimed to have an interest in the real estate of the decedent mortgaged to Edgar, in the city of New-York, as purchasers under a sale by execution on some of the judgments against Robert L. Bowne, or in some other way unknown to the complainant. But he insisted that as the heirs of the decedent were out of possession, and had a mere equitable claim to redeem the land, it could not be sold on execution under the judgments against their ancestor. And the complainant prayed a full discovery of the real estate of which Robert L. Bowne died seized, and of the several incumbrances and liens thereon, and of its present situation and value, and also of the personal estate of which he died possessed; and for a decree for the payment and satisfaction of the complainant's debt out of

the said real estate in the hands of the defendants, or in such other way and in such shares as might be legal and proper.

*S. Stevens*, for the defendants. The complainant's bill cannot be sustained as a creditor's bill under the revised statutes. In such case it would be necessary to exhaust the remedy at law, and a fi. fa. should be returned unsatisfied, in whole or in part. (2 *R. S.* 173, § 38. 1 *Id.* 744, § 4.) The equity of redemption may be sold on execution. The mortgagee has a mere chattel interest, which does not descend to the heirs at law, but goes to the executor. The debt is the principal and the mortgage the incident. (*Rungan* v. *Missereau*, 4 *John. Rep.* 41. 11 *Id.* 534. *Coles* v. *Coles*, 15 *John. Rep.* 319.) The interest of the heirs at law in the equity of redemption having been sold on execution, they take nothing in respect to the real estate described in the bill; and in respect to such real estate they are not responsible for the payment of the complainant's debt. These are the only lands and premises described in the bill; and heirs are not chargeable on account of lands descended, any further than the same are described with reasonable certainty. (2 *R. S.* 454, § 44.) If the equity of redemption in this case is not a legal estate which descends to the heirs at law, then it is a mere equitable chose in action, and the heirs at law are not liable on account thereof for the debts of the ancestor. All persons whose interest may be affected by the decree should be made parties. (*Elemendorf* v. *Taylor*, 7 *Cranch*, 98. 10 *Wheat.* 152.) Starkweather and Cork having judgments which are liens on the premises, and White and Jones having purchased the equity of redemption at sheriff's sale, they all have interests that may be affected by the decree, and ought therefore to have been made parties. (7 *Cranch*, 98. 10 *Wheat.* 162.) The complainant alleges that the judgments of Starkweather and Cork have been paid. A decree cannot be entered that they be discharged, without the owners of the judgments being called upon and allowed to protect their interests. (3 *John. Ch. R.* 427.) The heirs at law cannot be called upon to dis-

close the personal estate. This can only be required of the administrator. (*Thompson* v. *Brown,* 4 *John. Ch. R.* 633.) The complainant is required to describe the lands descended with reasonable certainty. (2 *R. S.* 454, § 44.) And the defendants cannot be required to give an account of the whole estate real and personal of their father at the time of his death. The complainant cannot call for a disclosure of facts which are equally in his own power, and thus shield himself from the expense and trouble, and throw it upon the defendants. The complainant has an adequate remedy at law, and should first exhaust such remedy before filing his bill. (1 *John. Ch. R.* 463. *Carter & Moore* v. *United Ins. Co., Moulton,* 188, *note* 6, *also note* 5.) The only bill which can be sustained by the complainant is one filed after he has obtained a judgment at law, against the heirs at law and judgment creditors and mortgagees, for the purpose of paying off and redeeming the incumbrances, and that in case the heirs shall neglect to pay him the amount paid for the redemption of said claims with interest, costs, &c. and also his debt, that they be foreclosed, &c. If the complainant is entitled to no relief, then he can have no discovery in aid of that relief.

*M. T. Reynolds,* for the complainant. The bill of complaint is filed under the provisions of the revised statutes, against the heirs, to obtain satisfaction of a debt of their ancestor. It sets forth the debt, and shows that it is not subject to a presumption of payment from lapse of time. The circumstance that the defendant's right of redemption is a mere equity, not capable of sale on execution at law, would not be a ground of demurrer; since it is only in this court a creditor can reach it, and it is only by a decree in this court against the heirs that a creditor can acquire such a specific interest as would entitle him to redeem. And a judgment at law is not necessary to entitle us to come in under the statute; if it was, we never could have a remedy, for we cannot at law sue heirs. It is not alleged that any of the lands descended to the heirs has been sold on executions; the only allegation in relation to executions is that

1838.

Parsons
v.
Bowne.

Campbell P. White and David S. Jones claim to be execution purchasers of the New-York mortgage lands. The real estate descended, the incumbrances thereon, and also the outstanding debts of the ancestor, are all necessary to be disclosed and put in issue in order to obtain an apportioned decree under the statute; and consequently the allegations as to the buying in of debts by the heirs, or by others in their behalf, the application of the personal estate thereto and therefore a discovery of the personal estate, are all material to the relief. And the circumstance, that as to any part of these matters we could obtain information elsewhere, does not render the statement thereof in this suit unnecessary. And the voluminousness of the discovery is no objection to its being made. The allegation that the ancestor died seized of real estate, and that the defendants are heirs at law, is sufficient to maintain our bill; for the law casts the descent upon the heirs without entry, and our only remedy against the lands is by a suit in equity under the revised statutes against the heirs in whom the legal title is vested by descent.

The CHANCELLOR. The demurrers in this case being general, both as to discovery and relief, they must be overruled if the complainant is entitled to any discovery or relief which is asked for in his bill, or to any relief which may be granted him under the general prayer. The objection that the complainant cannot come into this court, for the purpose of obtaining satisfaction of his debt out of the real estate of his deceased debtor in the hands of the heirs at law, until he has obtained a judgment for his debt and had an execution thereon returned unsatisfied, is wholly unfounded. Neither is there any ground for the objection, that the equity of redemption in the New-York property was a legal estate which the complainant could have reached by execution at law. Both objections proceed upon the assumption that the complainant could have sued the defendants in an action at law for the recovery of the debt due from their ancestor. But by the express provision of the forty-second section of the article of the revised statutes relative to suits against heirs, devisees, &c. (2 R. S. 454,) which was in force from

the first of January, 1830, until after the filing of this bill, the heirs at law must be prosecuted jointly in a court of equity, for the debt of their ancestor, and were not liable to any suit in a court of law. The ancestor in this case died before the adoption of the revised statutes, and therefore the rights of his creditors, so far as those rights had become vested under the laws which were previously in force, could not be divested by a change of the law. But the remedy of the creditors must be had according to the provisions of the laws which are applicable to the case when that remedy is sought to be enforced. The jurisdiction of courts of law in suits against heirs and devisees, except in proceedings by scire facias, or in suits previously commenced, was therefore entirely suspended, by the section of the revised statutes above referred to, until the first of July, 1837, when that section was repealed. (*See Laws of* 1837, *p.* 537, § 73, 74, 78.) The only remedy, therefore, of a creditor at large of the decedent, to collect his debt out of the legal or equitable estate which had descended to the heirs at law, was by a bill filed, as this is, under the provisions of the revised statutes.

The complainant does not allege in his bill that the equity of redemption in the lands mortgaged to Edgar has been purchased, by Jones & White, under an execution upon a valid and subsisting judgment, against the decedent or his heirs; but merely alleges that they claim an interest in that property, either under a sale upon some of the judgments mentioned in the bill, or in some other way unknown to the complainant. It is not necessary therefore to decide, in this stage of the suit, whether all the interest of the defendants in that equity of redemption could be divested, by a sale thereof on execution, while the mortgagee or his representative was in possession of the premises under his mortgage. Neither was it necessary or proper for the complainant to make Jones & White parties to this suit; as he had no right to call them into this court to settle the question whether they had a legal title to the equity of redemption in the whole or any part of the New-York property.

The objection that Jones & White are not parties to this suit is therefore overruled.

Neither was it necessary to make Cook & Starkweather, or any other persons claiming to be creditors, or to have liens upon the real estate descended to his heirs, parties to the suit. The statute contemplates a proceeding by each creditor for himself. And where the heirs have not aliened the land previous to the commencement of the suit they are not personally liable for the debt, but their respective interests in the land descended are to be sold on execution against the land itself. The purchaser will therefore take it, as in ordinary cases of sales upon execution, subject to all existing liens thereon, the validity of which liens he must afterwards contest with those who claim to have them, if necessary. Where a judgment, or other incumbrance upon the property, which has actually been paid is fraudulently kept on foot by a third person for the purpose of depriving the complainant of his remedy by a sale of the property of the decedent for its full value, or to diminish the amount which he would otherwise recover on account of the lands descended, I do not intend to decide against the complainant's right to make such third person a party to a suit against the heirs or devisees. But such incumbrancer is not a necessary party ; and the defendants therefore cannot demur to the bill if the complainant does not think proper to bring the incumbrancer before the court.

The complainant is required to specify in his bill, with convenient certainty, the real estate descended to the heirs or devisees. (2 *R. S.* 454, § 44.) This he has done in relation to the New-York lands. And as to other lands descended he says he is unable to do so ; and he prays for a discovery from the defendants of the lands descended to them and of the incumbrances thereon. This discovery he is entitled to, for the purpose of enabling him, by an amendment of his bill, or otherwise, to reach other lands descended to the defendants as heirs, if there be any other lands.

Several other causes of demurrer are specified, but as they merely go to a part of the discovery sought by the bill it is not necessary to consider them at this time ; though I do

not at present see any valid objection to any part of the discovery asked for by the complainant.

The demurrers must therefore be overruled with costs; and the defendants are to have sixty days to pay those costs and to answer the bill.