## Case No. 16,763.

### UNITED STATES v. WOOLSEY.

[8 Betts' D. C. MS. 56.]

District Court, S. D. New York. Oct. 16, 1846.

#### LIMITATION OF ACTION—EMBARGO ACT.

[1. The limitation of actions prescribed by Act March 2, 1799, § 89, continues to apply to suits brought for penalties under the embargo act of 1808.]

[2. When a statute is made in addition to another on the same subject-matter, without express words of repeal as to any part of the former, the provisions of both must be construed together.]

B. F. Butler, for the United States.

D. B. Ogden, Geo. Wood, and G. Brinkerhoff, for defendant.

PER CURIAM (BETTS, District Judge). An action of debt is brought by the United States to recover a penalty given by the embargo act of 22 December, 1807, and the supplementary act of January, 1808. Bior. & D. Laws, pp. 129, 132, §§ 3, 6 [2 Stat. 451, 453]. The defendant pleads in bar, that the causes of action stated in the declaration did not any of them accrue within three years next before the commencement of this suit. To this plea the plaintiff demurs. The point raised by the demurrer is whether the limitation of actions prescribed by the 89th section of the act of March 2, 1799 [1 Stat. 695], continues to apply to suits brought for penalties under the embargo act of 1808. It is admitted by the counsel for the defendant, that the precise question was raised and decided in the second circuit. U. S. v. Mayo [Case No. 15,755]. But it is contended that the decision is not conclusive upon this court. If the question be an open one, it is urged that the true construction of section 6 of the act of January 9, 1808, is to continue in force the three-years limitation fixed by the act of 1799. I believe the decisions of the circuit judges are not regarded as of binding authority out of their particular circuits, although they are received in all other courts as eminent evidence of the true rule of law. In a case resting at all in doubt, I should accordingly yield to the weight of such opinion, however the inclination of my own mind might be; and as that judgment is not objected to as in palpable opposition to the law, it would be a case proper for this court to follow, whether the general reasoning on which it is founded be satisfactory or not.

Without giving the subject a labored examination, I am disposed to think, the decision rests upon sound general principles. The act of March 26, 1804, § 3 (3 Bior. & D. Laws, 611 [2 Stat. 290]), beyond all question, operates a repeal of the limitation contained in the act of 1799; and it seems to me that reference to that provision of the act of 1799 made in that of 1808, connects with the latter only such portions of the former as were then in force. A general reference in one statute to another antecedent one, naturally embraces also its amendments and additions, because all the provisions must be construed together as composing the act (reddenda singula singulis). The general doctrine to be deduced from the authorities being, that when a statute is made in addition to another, on the same subject-matter, without express words of repeal as to any part of the former, the provisions of both must be construed together. Pearce v. Atwood, 13 Mass. 344. So an act reviving an antecedent one, revives also all acts explanatory or supplemental to it. Dwar. St. 676; Williams v. Rougheedge, 2 Burrows, 747; Rex v. Justices of Surrey, 2 Term R. 504. The general rule undoubtedly is, that relative words in a statute make the thing pass the same as if particularly expressed in the act itself. Wheatly v. Thomas. T. Raym. 54; Dwar. St. 705. Yet the judgment of the court in Rex v. Justices of Surrey introduces the qualification, that a clause of reference to statutes of complicated provisions some of which are at variance with others, does not extend to and comprehend every particular clause of the acts referred to, but only their general forms and provisions. 2 Term R. 504; Dwar. St. 705.

Under either view of the rule, it is conceived that the 6th section of the act of January 9, 1808, incorporates in it, or recognizes as law, nothing further than the then subsisting and operative provisions of the act referred to. The language, carefully considered, would perhaps be limited to those particulars of the act of 1799 which regulated or had regard to the proceedings of the prosecutor—determining who might sue—the method of suit and disposition of the proceeds of the action. This latter clause of the section strongly countenances this interpretation, because it introduces one particular regulation in favor of the party condemned in the suit, without adverting to any matter of defence or protection in respect to the action. The manner of suing for, recovering, distributing or accounting for penalties may be the same as prescribed by the act of March, 1799, without its being made to appear affirmatively by the prosecution, or declared by the judgment of the court, and that the offence was committed within any period of limitation. The declaration in this case avers the offence was committed on the 10th day of January, 1809, and the record shows that the action was instituted of July term, 1841. It was not necessary for the plaintiff to allege more, and it devolved upon the defendant to bring forward the statute of limitation by plea (Lawes, Pl. Am. Ed., 536–539), or perhaps in a penal action, make it his evidence under the general issue (Esp. Pen. Act, 78). The default of the defendant to produce such defence by plea or proof according to his right would leave a peremptory judgment to be entered without regard to the act of limitation. The presumption would be forcible, that congress, in view of these rules of law, intended no more by

the sixth section of the act of 1808 than to direct the method of the plaintiff's proceeding, leaving the party sued to make his defence in such manner as the existing law might sanction. It is believed to be well settled that the remedies in relation to suitors must be administered by the court conformably to the law prevailing at the time of trial, unless some special enactment establishes, in respect to a particular prosecution or class of cases, a different rule. U. S. v. Woolsey [Case No. 16,762], in this court, and cases cited. This embraces statutes of limitation, or matter of defence [Sturges v. Crowninshield] 4 Wheat. [17 U. S.] 122,—as well as the practice on the part of the plaintiff,—4 Wend. 206, 210; 7 Paige 354. Judgment must be rendered for the claimant, with leave to the defendant to plead on the usual terms.