LYDDY v. GANO, Ex'x, Etc., and others.

(*Circuit Court, S. D. New York.* 1886.)

REMOVAL OF CAUSE—SEPARABLE CONTROVERSY—CITIZENSHIP.

A., a citizen of New York, filed a bill as creditor of B., deceased, in the state court, against his heirs at law, to compel satisfaction of his debt, out of real estate in their hands. Some of the defendants were citizens of New York, but others were citizens of another state, and the latter removed the case to the federal court. Under the New York statute, although the heirs at law were respectively liable to the extent of the estate which had descended to them, all of such heirs were, nevertheless, indispensable parties to the suit. *Held,* that the suit did not present a separable controversy which could be determined, as between the removing defendants and complainant, without the presence of the other defendants who were citizens of New York, and that the cause should be remanded.

On Motion to Remand.

WALLACE, J. The complainant, a citizen of this state, has filed a bill as a creditor of one McCunn, deceased, against the heirs at law of the deceased, to compel satisfaction of his debt out of the real estate now in their hands, which descended or was devised to them. Some of the defendants are citizens of this state, but others, those upon whose petition the suit was removed here from the state court, are citizens of other states. The rights and remedies of creditors against heirs and devisees of a deceased person are wholly controlled by statutory law in this state, and the contention of the defendants is that the heirs are severally and not jointly liable to the payment of their proportionate share of the creditor's demand, out of the real estate in their hands. Although they are respectively liable to the extent of the estate which has descended to them, nevertheless all the heirs are indispensable parties to the suit. If the suit were brought against one only of the heirs, it would be an unanswerable objection to the relief sought, that all were not made parties. *Dodge* v. *Stevens,* 94 N. Y. 216; *Wainburgh* v. *Gates,* 11 Paige, 513; *Parson* v. *Brown,* 7 Paige, 354. The suit, therefore, does not present a separable controversy which can be determined, as between the removing defendants and the complainant, without the presence of the other defendants, who are citizens of this state.

The motion to remand is granted.