JUSTIN WOHLFARTH, Respondent, *against* WARD B. CHAMBERLAIN, Appellant.

(Decided February 7th, 1887.)

In an action for breach of contract of sale of certain real estate, the evidence showed that defendant, as an assignee for the benefit of creditors, had sold the property at public auction to a nominal bidder, and procured the title to be transferred to defendant's wife, after which he made the contract with plaintiff, in his own name, for the sale of the property at an enhanced price; and that when the deed was tendered to plaintiff, he, having acquired knowledge of these facts, refused to accept it. *Held*, that plaintiff was not bound to take the deed, and could maintain an action for the damages he sustained by reason of the failure to make a good title.

In such action, the court admitted evidence of defendant's declarations, made after his conveyance of the property as assignee, impeaching his wife's title. *Held*, that such declarations, together with the acts of defendant which constituted notice to plaintiff of the defects in the title, were admissible, plaintiff being entitled to prove in this action the facts that would be admissible in a suit against him by the assignor's creditors to show that he was not a *bonâ fide* purchaser without notice.

APPEAL from a judgment of this court entered upon the verdict of a jury.

The action was brought to recover damages for breach of a contract for the sale of real estate, by plaintiff as vendee against defendant as vendor. The jury rendered a verdict for plaintiff for $1,500 damages.

The facts are stated in the opinion.

*Cephas Brainerd*, for appellant.

*Gratz Nathan* and *G. A. Seixas*, for respondent.

J. F. DALY, J.— The defendant, by agreement under seal, dated December 18th, 1884, contracted to sell to plaintiff, for $10,075, the house and lot 207 East 109th Street; the con-

sideration to be paid by the plaintiff's assuming a mortgage of $4,500 then on the premises, and paying $500 cash on the execution of the contract and $4,575 on the delivery of the deed. The deed tendered to the plaintiff was executed by the defendant's wife, Elizabeth F. Chamberlain, as grantor, defendant joining therein as her husband. Mrs. Chamberlain held the title at that time and at the time the contract of sale was executed. The history of her title (of which the plaintiff had full notice when the deed was tendered to and refused by him) was as follows :

In April, 1884, the premises were owned by one John H. Deane, the partner of defendant. They were then subject to mortgages for $8,000 and $1,000 respectively, the latter held by defendant, who, on April 19th, 1884, assigned it to one Baumgarten, a clerk in his office, who on the same day assigned it to defendant's wife. Both assignments were recorded on April 22d. The next day, April 23d, 1884, Deane made to defendant a general assignment of all his property for the benefit of his creditors. On July 16th, 1884, the premises in question, with a large amount of real estate belonging to the assigned estate, were sold at public auction by defendant as assignee of Deane. The parcel in question was knocked down to George F. Chamberlain, a nephew of defendant, who thereupon, at defendant's request, assigned his bid without consideration to one Henry F. Anderson, and defendant, as Deane's assignee, executed his deed to Anderson, dated August 4th, 1884, recorded September 5th, 1884, consideration $9,200. Anderson immediately conveyed the premises to defendant's wife by deed dated August 5th, 1884. All this was done by direction of defendant, who was agent therein for his wife. Anderson took the nominal title from defendant as assignee of Deane for the sole purpose of conveying the property to defendant's wife. The defendant, in December following, made the contract with plaintiff to sell him the premises for $10,075.

The defendant claims that the conveyances were *bona fide*, the purchase at the auction sale being made on his

wife's behalf to protect her interests as holder of the $1,000 second mortgage. It will be observed, however, that that mortgage was originally held by the defendant, and was transferred by him to his wife (through his clerk, Mr. Baumgarten), the day before the assignment to him from his partner was executed, and that such transfer was evidently made in contemplation of the assignment.

The undisputed facts of the case cast suspicion upon the title of Mrs. Chamberlain, and show that there is ground for the apprehension that its validity may be questioned or attacked by the creditors of Deane, the assignor. Upon the face of the transactions by the assignee Chamberlain, the defendant, it would seem that his wife is the mere nominal owner of the premises for his benefit and to enable him to deal with the trust property for his own profit. A *prima facie* case against the title is thus made out. The trustee, after selling the property at public auction to a nominal bidder, procures the title to be transferred to his wife, and then makes a contract in his own name with a purchaser at private sale for an increased price. Of all this, and of facts not recited above, but tending to strengthen suspicion, the contracting purchaser has the fullest notice, and could only preserve his purchase, if attacked by the creditors, by showing the good faith of the trustee: an undertaking of some difficulty, I should think, and the issue of which is at least doubtful. Under these circumstances the purchaser is not bound to take the deed (*People* v. *Open Board, etc.*, 92 N. Y. 98; *Fulton* v. *Whitney*, 66 N. Y. 548; *Schriver* v. *Schriver*, 86 N. Y. 575; *Dodge* v. *Stevens*, 94 N. Y. 209).

The vendee in this case was entitled to recover as damages, for the failure of the vendor to give a good title, the loss of his bargain. The defendant knowingly contracted to convey property, the title to which was so doubtful, by reason of his own unauthorized dealings with the property as trustee, that no purchaser could be compelled to take it. When the facts were discovered, the vendee offered to take the property if the trustee would have it transferred again to himself, and would then give his own deed as such

trustee.   This he refused to do, presumably because he did not wish the trust estate to benefit by the enhanced price at which he was selling it, but desired to retain that benefit for himself.   This was clear evidence of bad faith, and of a refusal to give a good title when it was in his power to do so, and entitles the vendee to such damages as he has sustained by such refusal (*Pumpelly* v. *Phelps*, 40 N. Y. 59; *Timby* v. *Kinsey*, 18 Hun 255; *Margraf* v. *Muir*, 57 N. Y. 159.   See *Cockroft* v. *N. Y. & H. R. Co.*, 69 N. Y. 204). The amount of the verdict cannot be questioned under these authorities.

Appellant claims the right to a new trial on the ground that the court allowed evidence of his declarations (made after his conveyance of the property) impeaching his wife's title.   Such declarations, and the several acts of defendant which constituted notice to the plaintiff of the defects in Mrs. Chamberlain's title, were admissible.   They would be competent in a suit by a creditor of the assignor against the plaintiff, to show notice to him of the dealings of the trustee with the trust estate ; and he is permitted in this action to show the same state of facts in order to prove that he could not defeat the creditor's suit on the ground that he was a *bona fide* purchaser without notice.   He was also entitled to show defendant's own acts and statements to prove the bad faith of the latter, in order to make out a proper case for full damages.   This is an action for damages against the party making the admissions, and it is difficult to understand how his declarations and acts could be excluded.

There was no error in the other rulings on the trial. Proof was offered to show that the contract of sale, as originally prepared by defendant, contained a clause exempting him from liability for damages in case of his inability to make a good title.   This proof was offered as introductory to a conversation with defendant on the subject of the clause tending to show his probable knowledge at the time that his title might be questioned.   It was not error to exclude proof that, in other contracts with other parties for other

property, he protected himself by similar provisions. His declarations as to this property were alone material. There was no error in proving by a legal expert that certain recitals in the defendant's deed to Anderson showed that there was an unusual condition upon the sale of this property by defendant at public auction, viz.: a sale "subject to all encumbrances;" in order to argue therefrom that such a condition would be apt to deter *bona fide* bidders, and thus inferentially to question the *bona fides* of the purchaser, Mrs. Chamberlain, who took through the bid of George F. Chamberlain, assigned to Anderson, the two latter acting under her or her husband's instructions.

There was no error in the charge. The case was properly tried at a trial term, being an action for damages.

The judgment should be affirmed, with costs.

ALLEN and BOOKSTAVER, JJ., concurred.

Judgment affirmed, with costs.