## THE CENTRAL TRUST COMPANY, PLAINTIFF, *v.* THE NEW YORK CITY AND NORTHERN RAILROAD COMPANY, DEFENDANT.

*Taxes upon the earnings of corporations, imposed by chapter 542 of 1880, as amended by chapter 361 of 1881 — no remedies for their collection are given except those provided by sections 7 and 9 — no independent proceedings can be instituted against the receiver of a corporation appointed in an action of foreclosure — nor can the court direct him to issue certificates to pay such taxes.*

Upon a petition presented by the attorney-general, an order was made permitting him to intervene in this action, brought to foreclose a mortgage executed by the New York City and Northern. Railroad, in which Joel B. Erhardt had been appointed and was acting as a receiver of the property of the company. The order directed the said receiver to pay the sum of $8,540.95 into the treasury of the State of New York, for taxes upon the earnings of the railroad company for the years 1883, 1884, 1885 and 1886, which were found to be due under the provisions of chapter 542 of 1880, as amended by section 6 of chapter 361 of 1881, and also directed the issue of receivers' certificates to obtain money for that purpose.

*Held*, that the only proceedings which have been provided for the collection of the taxes imposed by the said act, are prescribed in sections 7 and 9 thereof.

That the latter section — which provides that for a neglect or refusal to pay the taxes, "the same may be sued for in the name of the People of the State and recovered in any court of competent jurisdiction, in an action to be brought by the attorney-general at the instance of the comptroller,"—clearly did not authorize the proceeding which had been taken in this case against the receiver.

That the present proceeding must be maintained, if at all, under the last clause of section 7, which declares that, in case the taxes shall remain unpaid for the period of thirty days after becoming due, that an addition of ten per cent may be made thereto, which taxes and addition "shall be collected for the use of the State as other taxes are recovered by law from such corporation, joint-stock company or association."

That this provision could not have been intended to refer to or include the proceedings providing for the sale of real estate upon which taxes have been imposed and remain unpaid, as the taxes here in question were imposed only upon the earnings of the company and not upon any other description of its property.

That it was to be presumed that the legislature intended to authorize the taxes to be collected by the proceedings which had been previously provided for the collection of taxes from corporations by sections 22 and 24, 1 Revised Statutes (6th ed.), 983, as amended by section 5 of chapter 456 of 1857.

That these proceedings are to be taken against the corporation itself, and that there is no remedy provided by the laws of this State for the collection of these taxes by an independent proceeding carried on against the receiver, although he should be made a party to the proceedings against the corporation as an officer having, in

his possession and subject to his control, all the property of the corporation, and also being in the receipt of all its earnings.

That there was no authority in the court, at the instance of the attorney-general, to direct the receiver to issue certificates and to raise money upon them for the amount of these taxes.

That the order should be reversed and the application denied, without prejudice to the institution of further proceedings authorized by the statutes.

APPEAL by Joel B. Erhardt, receiver of the New York City and Northern Railroad Company, from an order directing him to pay the sum of $8,540.95 into the treasury of the State of New York, for taxes upon the earnings of the railroad company for the years 1883, 1884, 1885 and 1886, and to issue receiver's certificates to obtain money for that purpose.

The New York City and Northern Railroad Company was organized under the General Railroad Act of the State of New York in May, 1878, and for several years thereafter it was engaged in operating a railroad in this State. From May 24, 1882, until February 3, 1885, the property of said railroad company was in the possession and under the control of Arthur Leary, Esq., as receiver, in an action brought to sequestrate the company's property. On said last mentioned date, viz., February 3, 1885, Joel B. Erhardt was appointed receiver in proceedings brought to foreclose a certain mortgage executed by said company on May 1, 1880, and the said Erhardt has ever since been and now is in possession and control of the property of the said company covered by the said mortgage. The said New York City and Northern Railroad Company is an existing corporation having a board of directors and other officers, and the shares of its capital stock have a market value. It is conceded that the said railroad company has made default in the payment to the treasurer of the State of New York of certain taxes payable by the said company under the provisions of section 6 of chapter 361 of the Laws of 1881 for the years ending on June 30, 1883, 1884, 1885 and 1886. By an order entered on November 11, 1887, the court below permitted the attorney-general to intervene in this (the foreclosure) action, and directed the said Erhardt, as receiver, to pay forthwith into the treasury of the State of New York, from the funds in his hands as such receiver, the amount of the said franchise taxes, to wit., $8,540.95, or to issue certificates for the same.

*Artemus H. Holmes*, for the receiver, appellant.

*Charles F. Tabor*, attorney-general, and *Wm A. Poste*, deputy, for the People, respondent.

DANIELS, J. :

The taxes which were directed to be paid were imposed upon the railroad company, under the authority of section 6, chapter 361 of the Laws of 1881, amending chapter 542 of the Laws of 1880. No objection has been taken to the amount of the taxes directed to be paid by the order, but the chief objection relied upon is that the order itself was wholly unauthorized by the statutes. The appellant was preceded as receiver by the appointment of Arthur Leary, which was temporarily made in creditor's proceedings on the 24th of May, 1882, and confirmed and continued on the twenty-seventh of the same month. He was authorized to operate the railroad, and did so under the authority of the orders until on or about the third of February, 1885, when the appellant was appointed in a foreclosure action, brought by the plaintiff as a trustee for the benefit of the holders of bonds issued and secured by mortgages executed by the railroad company. By his appointment he was vested with all the property of the railroad company, and authorized to continue its business by the use and operation of the railroad. And that he has done, and together with the preceding receiver, realized from the earnings of the company the sums upon which the taxes for each year remain imposed.

The proceedings which the act of 1881 have provided for, in case of the non-payment of the taxes by the company are prescribed in sections 7 and 9 of the act. By the former of these sections it has been declared in case the taxes shall remain unpaid for the period of thirty days after becoming due, that an addition of ten per cent may be made thereto, which taxes and addition "shall be collected for the use of the State as other taxes are recoverable by law from such corporation, joint-stock company or association." And by the other section it has been further provided, for a neglect or refusal to pay the taxes by this act required to be paid, "the same may be sued for in the name of the people of the State, and recovered in any court of competent jurisdiction in an action to be brought by the attorney-general at the instance of the comptroller."

This latter section it is clear did not provide for the proceeding which in this instance has been taken against the receiver, resulting in the order directing him to pay the taxes, and to raise the amount in case of necessity by issuing receiver's certificates. The point in the case, therefore, to determine is, whether this is such a proceeding as was authorized by section 7 of the act. The act has provided for no other mode of procedure for the collection of the taxes than one or both of those enumerated and prescribed in this manner. The statute has not in any form made these taxes a charge upon the real estate of the company, but they are what the act itself denominates business or franchise taxes, and they have been so considered and sustained by the courts. (*People* v. *Home Ins. Co.*, 92 N. Y., 328.)

The liability to pay this franchise or business tax on the earnings of the company was first created by chapter 542 of the Laws of 1880, and these remedies were then provided for the collection of the taxes in case of default or refusal to pay on the part of the company. And when a right has been in this manner created and the remedies prescribed for its enforcement, such remedies, by a well-settled construction of the law, proceeding upon the apparent intent of the legislature, have been held to be exclusive. (*Dudley* v. *Mayhew*, 3 Comst., 9; *Renwick* v. *Morris*, 7 Hill, 575; *Dodge* v. *Stevens*, 94 N. Y., 209, 217.)

Enactments of this description are therefore, to be restricted to the proceedings which they provide for, and not enlarged by a construction for which no warrant or authority is to be found in the act. (*Jessup* v. *Carnegie*, 80 N. Y., 441, 456, 457.)

As this proceeding is not by action under the authority of section 9 of chapter 361 of the Laws of 1881, it, therefore, must be maintained, if that can be done at all, under the last clause of of section 7, as one provided for the collection of taxes for the use the State, as other taxes were recoverable by law from corporations. This could not have been intended to refer to or include proceedings for the sale of real estate upon which taxes have been imposed and remain unpaid. For here the taxes were imposed only upon the earnings of the company, and not upon any other description of its property. For their collection the proceedings prescribed for the sale of real estate of the company are inapplicable. Such

proceedings relate wholly and solely to taxes upon that species of property. While the proceeding authorized by this portion of section 7 of the act of 1881, is one for the collection of the taxes for the use of the State, and that is the same as previously had been provided for the collection of other taxes, recoverable by law from corporations. This reference has been briefly made in this section of the act, without indicating otherwise than by a very general description, what proceedings may be taken for the collection of these taxes. But as no others adapted to this end have been prescribed than those previously authorized for the collection of taxes owing by incorporated companies, it is reasonable to presume that they were the proceedings within the intention of the legislature referred to, and rendered applicable by this part of section 7 of the act of 1881. Those proceedings, as the law was amended by chapter 456 of the Laws of 1857, are to be taken against the corporation itself. And they are to be instituted by petition, upon which the court has been authorized to sequestrate such part of the property of the company as shall be deemed necessary for the purpose of satisfying the taxes in arrears with the costs of the proceedings. And in its discretion the court may proceed further and enjoin the company and its officers from all further proceedings under the charter or act of incorporation, to enforce the payment of the taxes. (1 R. S. [6th ed.], 983, §§ 22–24; Laws of 1857, chap. 456, § 5.) That has been deemed by the legislature an efficient mode of proceeding to secure the payment of the delinquent taxes, and it would probably turn out to be so, inasmuch as the mortgages and judgments against the company should be held to be subordinated to its liability to pay the taxes. Certainly a proceeding to annul the corporate existence of the corporation would appear to be adequate to produce this result. The cases of Gormley's Appeal (27 Penn., 49), limited by *City of Philadelphia* v. *Cook* (30 id., 56) and *Maish* v. *Bird* (22 Fed. Rep., 180), do not conflict with this measure of liability. For they rest upon peculiar statutory provisions of other States, and in the latter of the cases, the proceeds which were the subject of contention, had been realized on the foreclosure of a mortgage no part of the object of which was to collect or provide for the collection of the unpaid taxes, and they were necessarily left to depend upon the statutory remedy of proceeding against the property itself.

And as the remedy provided by the laws of this State for the collection of these taxes has not been made to include an independent proceeding carried on against the receiver, that which has been prosecuted in this case appears to have been carried on without authority.

The receiver might very well be brought into, and made a party to, the proceeding against the corporation, and certainly should be as an officer having in his possession and subject to his control all the property of the corporation and also being in the receipt of all its earnings. He is an officer of the court, placed in this position by its authority, and is subject to its lawful directions. And if the proceeding which the law has provided for against the corporation shall prove for any reasons to be ineffectual, then he may be absolutely directed to pay these taxes out of the earnings of the company received by him. For by section 6 of chapter 456 of the Laws of 1857, the court has been authorized, as it previously to that act had been, to " order and direct such other proceedings as shall be deemed necessary to compel the payment of such taxes and costs." And a proceeding controlling a receiver in this manner and to this end would appear to be within the authority created and conferred by this language. Surely it was the purpose of the law to avoid the evasion of the obligation created by the statute either by the corporation or its officers, or any person placed in charge of its property and receiving its earnings by the authority of the court. And the provisions of the statutes are sufficiently broad to prevent successful evasion of the obligation which they have created.

There was no authority in the court at the instance of the attorney general to direct the receiver to issue certificates to raise money upon them for the amount of these taxes. That has not been provided for as an incident of any authority created to obtain payment of these taxes, and being without authority in this respect this part of the order clearly transcended the province of the court. (*Met. Trust Co.* v. *Tonawanda Valley, etc., R. R. Co.*, 103 N. Y., 245 ; *Raht* v. *Attrill*, 106 id., 426.) The proceeding which has been authorized is one to be taken for the collection of the taxes against the corporation, and as its property and means of payment have passed into the hands of the receiver he may very well and should be made a party to it, so far as to be required in case of necessity to perform the final order of the court which may be made in it.

First Department, March Term, 1888.

That however was not the proceeding carried on in this instance, and the order should be reversed and the application denied without prejudice to the further proceeding authorized by the statute, and under the circumstances without costs.

VAN BRUNT, P. J., and BRADY, J., concurred.

Order reversed and application denied, without costs and without prejudice to further proceedings.