FEDERAL RESERVE BANK OF PHILADELPHIA, Plaintiff, *v.* ELIZA-
BETH ANN WEEKS, as Sole Devisee under the Last Will and
Testament of DUNCAN WEEKS, Deceased, Defendant.

Supreme Court, Special Term, Kings County, March 31, 1939.

*John P. Broomell,* for the plaintiff.

*Jacob R. Levy,* for the defendant.

BRENNAN, J. This action was brought under the provisions of
article 7 of the Decedent Estate Law for the purpose of collecting,
out of the real property devised to the defendant, the debt of the
defendant's testator to the plaintiff. The plaintiff's motion for
summary judgment has been granted and a proposed order and
judgment have been submitted.

The proposed judgment is incorrect in that it decrees the sale of
the premises under the direction of a referee as in the foreclosure
of a mortgage on real property. The judgment should be against
the defendant " to the extent of the estate, interest and right in
the real property, which   *   *   *   was effectually devised to " her
by the decedent (Dec. Est. Law, §§ 176, 180) and should direct
that the plaintiff have execution therefor, but only as against said
real property. (Dec. Est. Law, § 185.)

The plaintiff gives no authority for the form of judgment it has
submitted other than that the same form of judgment had been

entered in other litigated cases; however, an examination of those cases discloses that the forms of the judgments were not considered. In *Mortimer* v. *Chambers* (63 Hun, 335) the court (at p. 337) stated that judgment was rendered, and a referee appointed to sell the real property and pay the plaintiff's debt out of the proceeds; but even there the direction to sell by a referee was not questioned.

On the other hand, the wording of sections 186 and 191 of the Decedent Estate Law indicates that the judgment should be collected by execution. Section 186 provides that *execution* upon a judgment against an heir or devisee for the debt of his or her intestate or testator cannot in any way affect the title of a purchaser in good faith and for value, which title was acquired prior to the filing of a notice of the pendency of the action, or the entry of judgment and the filing of the judgment roll. Section 191 provides that an *execution* shall not be issued against an infant heir or devisee until the expiration of one year after final judgment is rendered and the judgment roll filed.

It is true that section 185 of the Decedent Estate Law and section 1852 of the Code of Civil Procedure each provide that " the final judgment must direct that the debt of the plaintiff * * * be collected out of that real property;" whereas section 47 of the article of the Revised Statutes pertaining to suits against heirs and devisees (2 R. S. 454) provides that " the court shall decree that the debt of the plaintiff, * * * shall be levied of such real estate so descended; and not otherwise," but the Legislature in making the change evidently did not intend to enlarge the remedy to permit the sale of the devised real property by a referee, otherwise the wording of sections 186 and 191, which also was changed from the wording of sections 51, 54 and 55 of the Revised Statutes, from which they were derived, would not read as at present, and the wording of section 176 would indicate more clearly that such a remedy was intended.

There seems to be no recent case on the subject, but all of the earlier cases clearly indicate that execution on the judgment is the proper remedy.

In *Butts* v. *Genung* (5 Paige, 254, at p. 259) the opinion of the Chancellor was: " And the decree, which is to be rendered against the heirs or devisees, is not, as formerly, a decree for a sale of the real estate * * *. The statute also contemplates that the amount decreed shall be collected by execution, in the usual manner; and not by a sale under the direction of a master. (2 R. S. 454, § 47; Id. 455, §§ 54, 55.)" And in *Parsons* v. *Bowne* (7 Paige, 354, at p. 361) the opinion of the Chancellor reads: " And where the heirs have not aliened the land previous to the commencement

of the suit they are not personally liable for the debt, but their respective interests in the land descended are to be sold on execution against the land itself. The purchaser will therefore take it, as in ordinary cases of sales upon execution, subject to all existing liens thereon, the validity of which liens he must afterwards contest with those who claim to have them, if necessary."

In *Schermerhorn* v. *Barhydt* (9 Paige, 28) the Chancellor reiterated his holdings in the cases hereinbefore cited and suggested the form of judgment to be entered. The suggestions particularly pertinent to the instant case are to be found at page 51, in the final paragraph.

In *Hauselt* v. *Patterson* (124 N. Y. 349, at p. 356) we find: " In that view the remedy is by action in equity having the nature of a proceeding *in rem* in such sense that when the land has not been aliened by the heir the execution of the judgment shall be had by levy upon the real estate descended to him." And at page 358: " The form of the judgment in this case is not very important, provided the execution upon it be levied upon the undivided real estate which descended to them for the amount only, with which the defendants are chargeable." And at page 361: " the judgment should be so modified as to charge the defendants with only five-sixths of the amount of such recovery, and direct the levy of it (duly apportioned) of the real estate which descended to  *  *  * defendants."

In *Morris* v. *Mowatt* (2 Paige, 586) the complainants sought to compel the payment of the residue of the purchase price bid by the defendant at an auction sale of real property held by a master under the decree of the court. The judgment decreeing the sale was in an action against devisees to enforce a debt of their testator against the real property that he had devised to them. The Chancellor held the title to be unmarketable because of outstanding judgments against the devisees. The Chancellor in discussing the " new mode of proceeding, by suit in this court, against heirs and devisees," prescribed by the Revised Statutes, said (at p. 592): " A sale upon an execution under such a decree, will, at law, not only overreach such judgments, but will also overreach all mortgages and alienation of the estate, which are subsequent to the commencement of the suit in this court. (2 R. S. 454.) But the decretal order, under which the present sale took place, is not such a final decree as is contemplated in the statute. And probably to give the purchaser a perfect legal title, sufficient in a court of law to protect him against a sale under the previous judgment against the heir or devisee, it may be necessary to issue an execution on the decree, and to have the property sold by the sheriff, in the usual manner."

Had the judgment debtors been made parties, the court could have perpetually enjoined them from proceeding at law against the property sold under the decree entered in that case (p. 591), as that was the mode prior to the enactment of the Revised Statutes. (*Jackson* v. *Edwards*, 7 Paige, 386, 404; *Dawley* v. *Brown*, 65 Barb. 107.)

The order granting summary judgment is signed. Submit judgment conforming to the provisions of the Decedent Estate Law as interpreted herein.